## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SUNIL AMIN and TRUSHAR PATEL, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-01701-AT |
| MERCEDES-BENZ USA, LLC and DAIMLER AG, | |
| Defendants. | |

## **DEFENDANT MERCEDES-BENZ USA, LLC'S ANSWER TO CLASS ACTION COMPLAINT**

Defendant Mercedes-Benz USA, LLC ("MBUSA"), answering for itself alone, responds to Plaintiffs' Class Action Complaint ("Complaint") (Dkt. No. 1) as follows:

1.      MBUSA admits that Plaintiffs purport to bring this action as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by Plaintiffs may be certified, and further denies that any class may or should be certified in this action. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the named plaintiffs, and on that basis, denies those allegations.  MBUSA denies all other allegations in paragraph 1, and specifically denies that there exists any defect in Plaintiffs' vehicles or in the putative class vehicles.  MBUSA also specifically denies that the HVAC Systems in the putative class vehicles are "uniform and uniformly defective."

2.      MBUSA admits that Plaintiffs purport to bring this action as a class action but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class may be certified, and further denies that any putative class may or should be certified in this action. MBUSA denies all other allegations in paragraph 2 and footnote 1, and specifically

denies that the HVAC Systems in the putative class vehicles are "uniform and uniformly defective."

3. The allegations in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 3, and specifically denies that there exists any defect in the putative class vehicles.

4. MBUSA denies the allegations in paragraph 4.

5. MBUSA denies the allegations in paragraph 5, and specifically denies that there exists any defect in the putative class vehicles.

6. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 concerning the alleged reports made by unidentified "Class Members," and, on that basis, denies those allegations. MBUSA denies the remaining allegations in paragraph 6, and specifically denies that there exists any defect in the putative class vehicles.

7. MBUSA denies the allegations in paragraph 7, and specifically denies that there exists any defect in the putative class vehicles.

8. MBUSA denies the allegations in paragraph 8, and specifically denies that there exists any defect in the putative class vehicles.

9.      MBUSA denies the allegations in paragraph 9, and specifically denies that there exists any defect in the putative class vehicles.

10.     MBUSA denies the allegations in paragraph 10, and specifically denies that there exists any defect in the putative class vehicles.

11.     MBUSA denies the allegations in paragraph 11, and specifically denies that there exists any defect in the putative class vehicles.

12.     The allegations in paragraph 12 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 12, and specifically denies that there exists any defect in the putative class vehicles.

13.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies those allegations.

14.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies those allegations.

15.     MBUSA admits that it was involved with the marketing, distribution, and warranty of the vehicle bearing the Vehicle Identification Number

WDDGJ4HB0DF966835.  Except as expressly admitted, MBUSA denies the allegations in paragraph 15.

16.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, denies those allegations.

17.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding plaintiff Amin and, on that basis, denies those allegations.  MBUSA denies the remaining allegations in paragraph 17, and specifically denies that there exists any defect in plaintiff Amin's vehicle.

18.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies those allegations.

19.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies those allegations.

20.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, denies those allegations.

21.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 concerning the vaguely described advertisements, if any, that Mr. Amin allegedly saw and, on that basis, denies those allegations.  MBUSA denies the remaining allegations in paragraph 21, and specifically denies that that there exists any defect in Mr. Amin's vehicle or in the putative class vehicles.

22.     MBUSA admits that it received the letter attached to the Complaint as Exhibit D and that it denied and continues to deny the existence of any defect in the putative class vehicles.  MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 regarding Mr. Amin's alleged reaction to his correspondence with MBUSA and, on that basis, denies those allegations.  The correspondence between Mr. Amin and MBUSA speaks for itself, and except as expressly admitted, MBUSA denies the remaining allegations in paragraph 22.

23.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies those allegations.

24.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies those allegations.

25.     MBUSA admits that it was involved with the marketing, distribution, and warranty of the vehicle bearing the Vehicle Identification Number WDDHF5KBXEA997500.  Except as expressly admitted, MBUSA denies the remaining allegations in paragraph 25.

26.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, denies those allegations.

27.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding plaintiff Patel and, on that basis, denies those allegations.  MBUSA denies the remaining allegations in paragraph 27, and specifically denies that there exists any defect in plaintiff Patel's vehicle.

28.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies those allegations.

29.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies those allegations.

30.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies those allegations.

31.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, on that basis, denies those allegations.

32.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, on that basis, denies those allegations.

33.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 concerning the vaguely described advertisements, if any, that Dr. Patel allegedly saw and, on that basis, denies those allegations.  MBUSA denies the remaining allegations in paragraph 33, and specifically denies that there exists any defect in plaintiff Patel's vehicle or in the putative class vehicles.

34. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 regarding plaintiff Patel's alleged purchase of a Pre-Paid Service Plan and his alleged reasons for doing so and, on that basis, denies those allegations. MBUSA denies the remaining allegations in paragraph 34.

35. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding plaintiff Patel and, on that basis, denies those allegations. MBUSA denies the remaining allegations in paragraph 35, and specifically denies that there exists any defect in plaintiff Patel's vehicle.

36. MBUSA admits that it is a Delaware limited liability corporation and that its principal place of business is in Atlanta, Georgia.

37. MBUSA admits the allegations in paragraph 37.

38. MBUSA admits that its parent company is Daimler North America Corporation, a subsidiary of Daimler AG.

39. The allegations in paragraph 39 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 39.

40.     MBUSA admits that it was involved in the business of marketing, warranting, and distributing of automobiles in the United States, including certain of the putative class vehicles.  MBUSA notes that the 2004-2012 Mercedes A-Class was never offered for sale in the United States.[1]  Except as expressly admitted, MBUSA denies the allegations in paragraph 40.

41.     The allegations in paragraph 41 are not directed to MBUSA, and therefore no response is required from it.  To the extent a response is required, MBUSA denies the allegations in paragraph 41.

42.     The allegations in paragraph 42 are not directed to MBUSA, and therefore no response is required from it.  To the extent a response is required, MBUSA denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 are not directed to MBUSA, and therefore no response is required from it.  The allegations in paragraph 43 also state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 43, and specifically denies that there exists a defect in the putative class vehicles.

44.     The allegations in paragraph 44 are not directed to MBUSA, and therefore no response is required from it.  The allegations in paragraph 44 also

---

[1] Future references to "class vehicles" or "putative class vehicles" in MBUSA's Answer expressly exclude the 2004-2012 Mercedes A-Class.

state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 44, and specifically denies that there exists a defect in the putative class vehicles.

45. The allegations in paragraph 45 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 45 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 45.

46. The allegations in paragraph 46 are not directed to MBUSA, and therefore no response is required. The allegations in paragraph 46 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 46, and specifically denies that there exists any defect in the putative class vehicles.

47. The allegations in paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that plaintiffs allege that this action is within the subject matter jurisdiction of this Court. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 47.

48. The allegations in paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that

plaintiffs allege that this action is within the subject matter jurisdiction of this Court. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 48.

49. The allegations in paragraph 49 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that plaintiffs allege that this action is within the subject matter jurisdiction of this Court. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 49.

50. The allegations in paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that it is authorized to and does conduct business in this District, and that MBUSA has its principal place of business in this District. Except as expressly admitted, MBUSA denies the allegations in paragraph 50.

51. The allegations in paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that it transacts business in this District. Except as expressly admitted, MBUSA denies the allegations in paragraph 51.

52. The allegations in paragraph 52 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 52 also

state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 52.

53.     The allegations in paragraph 53 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 53 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 53.

54.     The allegations in paragraph 54 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 54 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 54.

55.     The allegations in paragraph 55 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 55 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 56 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 56, and specifically denies that there exists any defect in the putative class vehicles.

57. The allegations in paragraph 57 are not directed to MBUSA, and therefore no response is required from it. The allegations in paragraph 57 also state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 57.

58. The allegations in paragraph 58 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 58.

59. The allegations in paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, MBUSA admits that it conducts business in this District, and that MBUSA has its principal place of business in this District. Except as expressly admitted, MBUSA denies the allegations in paragraph 59.

60. MBUSA admits that plaintiffs seek damages and equitable relief on behalf of themselves and the putative class under federal and Georgia law. MBUSA denies all other allegations in paragraph 60, and specifically denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by plaintiffs may be certified, and further denies that any class may or should be certified in this action.

61.     MBUSA admits that plaintiffs purport to bring this action as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by plaintiffs may be certified, and further denies that any class may or should be certified in this action. MBUSA denies all other allegations in paragraph 61, and specifically denies that there exists any defect in the putative class vehicles.

62.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, denies those allegations.

63.     MBUSA admits that condensation can form on the evaporator when the air conditioning function of an HVAC system is operating.  MBUSA denies the remaining allegations in paragraph 63, and specifically denies that there exists any defect in the putative class vehicles.

64.     MBUSA denies the allegations in paragraph 64, and specifically denies that there exists any defect in the putative class vehicles.

65.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 concerning Plaintiffs' alleged "investigation" or "inspection" and, on that basis, denies those allegations.

MBUSA denies the remaining allegations in paragraph 65, and specifically denies that there exists any defect in the putative class vehicles.

66.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and on that basis, denies those allegations.  MBUSA also specifically denies that there exists any defect in the putative class vehicles.

67.     MBUSA denies the allegations in paragraph 67, and specifically denies that there exists any defect in the putative class vehicles.

68.     MBUSA denies the allegations in paragraph 68, and specifically denies that there exists any defect in the putative class vehicles.

69.     MBUSA denies the allegations in paragraph 69, and specifically denies that there exists any defect in the putative class vehicles.

70.     MBUSA denies the allegations in paragraph 70, and specifically denies that there exists any defect in the putative class vehicles.

71.     MBUSA denies the allegations in paragraph 71, and specifically denies that there exists any defect in the putative class vehicles.

72.     MBUSA denies the allegations in paragraph 72, and specifically denies that there exists any defect in the putative class vehicles.

73. MBUSA admits that it was a party to an arbitration proceeding in 2008 in which a consumer alleged that a foul odor was coming from the HVAC system of her 2007 Mercedes C230 vehicle and that the arbitration board found in favor of the consumer. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 73, and specifically denies that there exists any defect in the putative class vehicles.

74. MBUSA admits that paragraph 74 accurately quotes a summary from the http://myfloridalegal.com website. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 74 and footnote 3.

75. MBUSA admits that it was represented by counsel in the *Fattah* arbitration and that several MBUSA employees and the Service Manager from the consumer's dealership participated in the arbitration hearing. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 75.

76. MBUSA admits that a MBUSA employee made the statement quoted in paragraph 76. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 76, and specifically denies that there exists any defect in the putative class vehicles.

77. MBUSA denies the allegations in paragraph 77.

78.    MBUSA admits that paragraph 78 purports to quote a statement made by a member of the arbitration board during the *Fattah* arbitration.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 78.

79.    MBUSA denies the allegations in paragraph 79, and specifically denies that there exists any defect in the putative class vehicles.

80.    MBUSA denies the allegations in paragraph 80, and specifically denies that there exists any defect in the putative class vehicles.

81.    MBUSA admits that on March 5, 2007, it issued Technical Service Bulletin T-B-83.30/91a.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 81.

82.    MBUSA admits that on June 5, 2009, it issued Technical Service Bulletin LI83.30-P-045340 titled "Air Conditioning Musty/Moldy Odor Complaints" and that paragraph 82 accurately quotes therefrom.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 82.

83.    MBUSA admits the allegations in paragraph 83.

84.    MBUSA admits that on June 23, 2016, it issued Technical Service Bulletin LI83.30-P-059119 titled "Odor from Air Conditioning."  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 84.

85.     MBUSA denies the allegations in paragraph 85, and specifically denies that there exists any defect in the putative class vehicles.

86.     MBUSA admits that it has access to certain data about certain repairs made on Mercedes vehicles under warranty at authorized dealers and that it periodically reviews this data for various reasons.  MBUSA further admits that this data is confidential and proprietary.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 86 and footnote 4.

87.     MBUSA denies the allegations in paragraph 87, and specifically denies that there exists any defect in the putative class vehicles.

88.     MBUSA admits that, from time to time, authorized service centers order replacement parts from MBUSA and that MBUSA has some records of some such orders.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 88, and specifically denies that there exists any defect in the putative class vehicles.

89.     MBUSA denies the allegations in paragraph 89, and specifically denies that there exists any defect in the putative class vehicles.

90.     MBUSA admits that it maintains records of complaints made to it by consumers and that these records are confidential and proprietary.  MBUSA further admits that it has, from time to time, received unverified hearsay complaints from

consumers relating to alleged odors in their vehicles.  MBUSA further admits that paragraph 90 purports to quote a hearsay complaint logged with the National Highway Traffic Safety Administration and two hearsay complaints posted on private websites.  MBUSA further states that it is without knowledge or information sufficient to form a belief as to the truth of the alleged hearsay complaints purportedly excerpted in paragraph 90 and, on that basis, denies those hearsay allegations.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 90.

91.     MBUSA admits that it received a copy of the letter attached as Exhibit A to the Complaint.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 91 and in Exhibit A.

92.     MBUSA denies the allegations in paragraph 92, and specifically denies that there exists any defect in the putative class vehicles.

93.     MBUSA denies the allegations in paragraph 93, and specifically denies that there exists any defect in the putative class vehicles.

94.     Paragraph 94 purports to state a legal conclusion.  Accordingly, MBUSA is not required to answer the allegations in paragraph 94.  To the extent an answer is required, MBUSA denies that paragraph 94 represents an accurate statement of law.

95.     Paragraph 95 purports to state a legal conclusion.  Accordingly, MBUSA is not required to answer the allegations in paragraph 95.  To the extent an answer is required, MBUSA denies that paragraph 95 represents an accurate statement of law.

96.     MBUSA denies the allegations in paragraph 96, and specifically denies that there exists any defect in the putative class vehicles.

97.     MBUSA admits that it has access to publicly available information disclosed by NHTSA and that Plaintiffs purport to quote two complaints lodged with NHTSA in paragraph 97.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 97, and specifically denies that there exists any defect in the putative class vehicles.

98.     MBUSA denies the allegations in paragraph 98.

99.     MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 concerning alleged online hearsay complaints allegedly posted by various unidentified individuals and, on that basis, denies those allegations.  MBUSA further states that it is without knowledge or information sufficient to form a belief as to the truth of the alleged hearsay complaints purportedly excerpted in paragraph 99 and, on that basis,

denies those hearsay allegations. MBUSA denies the remaining allegations in paragraph 99.

100. MBUSA denies the allegations in paragraph 100, and specifically denies that there exists any defect in the putative class vehicles.

101. MBUSA denies the allegations in paragraph 101, and specifically denies that there exists any defect in the putative class vehicles.

102. MBUSA denies the allegations in paragraph 102, and specifically denies that there exists any defect in the putative class vehicles.

103. MBUSA admits that the Class Vehicles it distributed came with a New Vehicle Limited Warranty, that Exhibit B to the Complaint appears to be a true and accurate copy of the New Vehicle Limited Warranty applicable to model year 2013 C-Class, CL-Class, CLS-Class, E-Class, G-Class, GL-Class, GLK-Class, M-Class, S-Class, SL-Class, SLK-Class, and SLS-Class Mercedes-Benz vehicles, and that Exhibit C to the Complaint appears to be a true and accurate copy of the New Vehicle Limited Warranty applicable to model year 2014 CLS-Class and E-Class Mercedes-Benz vehicles. MBUSA further admits that paragraph 103 selectively quotes excerpts of those warranties which otherwise speak for themselves. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 103 and footnote 6.

104.    MBUSA admits that Certified Pre-Owned Mercedes-Benz vehicles in the United States come with a Certified Pre-Owned Limited Warranty.  Except as expressly admitted, MBUSA denies the allegations in paragraph 104.

105.    MBUSA admits that, subject to the terms and conditions of the applicable warranty, defects in material and workmanship arising during the warranty period with the climate control system, including the HVAC system, can fall within the scope of the New Vehicle Limited Warranty, the Certified Pre-Owned Limited Warranty, and the Extended Warranty.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 105.

106.    MBUSA admits that the New Vehicle Limited Warranty does not cover alleged design defects like the alleged one at issue in this putative action.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 106, and specifically denies that there exists any defect in the putative class vehicles.

107.    MBUSA denies the allegations in paragraph 107, and specifically denies that there exists any defect in the putative class vehicles.

108.    MBUSA admits that it was involved with marketing certain Class Vehicles to consumers.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 108.

109.   MBUSA admits that certain marketing materials designed for use in promoting certain vehicles distributed by MBUSA at certain points in time have stated that vehicles distributed by MBUSA are "state-of-the-art," "luxury," have "fine craftsmanship," and are "the most advanced vehicles on the road."  MBUSA further admits that it has used the slogan "the best or nothing" in certain marketing materials.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 109.

110.   MBUSA denies the allegations in paragraph 110, and specifically denies that there exists any defect in the putative class vehicles.

111.   MBUSA admits that it has recommended that authorized dealers employ service checklists when performing scheduled maintenance on vehicles distributed by MBUSA.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 111.

112.   MBUSA admits that paragraph 112 purports to selectively quote certain marketing materials designed for use in promoting certain vehicles distributed by MBUSA at certain points in time.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 112.

113.   MBUSA admits that certain marketing materials designed for use in promoting certain vehicles distributed by MBUSA at certain points in time stated

that Certified Pre-Owned vehicles must "meet stringent criteria and pass a rigorous inspection" and reference a multi-point inspection, including a test of "Automatic Climate Control Function, Regulation, Display, Odors." MBUSA further admits that certain marketing materials designed for use in promoting certain vehicles distributed by MBUSA at certain points in time stated that Certified Pre-Owned vehicle purchasers "get industry-leading coverage." Except as expressly admitted herein, MBUSA denies the allegations in paragraph 113.

114. MBUSA admits that certain marketing materials designed for use in promoting certain vehicles distributed by MBUSA at certain points in time stated that "[t]he Mercedes-Benz Certified Pre-Owned vehicle offers safety, performance and reliability" and that certain marketing materials designed for use in promoting certain vehicles distributed by MBUSA at certain points in time refer to a "climate control inspection" for Certified Pre-Owned vehicles and state that "[a]ny noted deficiencies are repaired, replaced or reconditioned" before the vehicle is sold. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 114.

115. MBUSA denies the allegations in paragraph 115, and specifically denies that there exists any defect in the putative class vehicles.

116. MBUSA denies the allegations in paragraph 116, and specifically denies that there exists any defect in the putative class vehicles.

117. MBUSA denies the allegations in paragraph 117, and specifically denies that there exists any defect in the putative class vehicles.

118. MBUSA denies the allegations in paragraph 118, and specifically denies that there exists any defect in the putative class vehicles.

119. MBUSA denies the allegations in paragraph 119, and specifically denies that there exists any defect in the putative class vehicles.

120. MBUSA denies the allegations in paragraph 120, and specifically denies that there exists any defect in the putative class vehicles.

121. MBUSA denies the allegations in paragraph 121, and specifically denies that there exists any defect in the putative class vehicles.

122. MBUSA denies the allegations in paragraph 122, and specifically denies that there exists any defect in the putative class vehicles.

123. MBUSA denies the allegations in paragraph 123, and specifically denies that there exists any defect in the putative class vehicles.

124. MBUSA denies the allegations in paragraph 124, and specifically denies that there exists any defect in the putative class vehicles.

125.   MBUSA denies the allegations in paragraph 125, and specifically denies that there exists any defect in the putative class vehicles.

126.   MBUSA denies the allegations in paragraph 126, and specifically denies that there exists any defect in the putative class vehicles.

127.   MBUSA denies the allegations in paragraph 127, and specifically denies that there exists any defect in the putative class vehicles.

128.   MBUSA admits that Plaintiffs Amin and Patel, along with several other plaintiffs, filed a class action complaint in *Manan Bhatt, et al. v. Mercedes-Benz USA, LLC*, No. 2:16-cv-03171-TJH-RAO (C.D. Cal. filed May 9, 2016) and that the claims of Plaintiffs Amin and Patel were dismissed without prejudice for improper joinder on March 9, 2017.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 128.

129.   MBUSA admits that it received copies of the letters attached as Exhibit A and Exhibit D to the Complaint.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 129.

130.   MBUSA admits that Plaintiffs purport to bring this case as a class action.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 130.

131.     MBUSA admits that Plaintiffs purport to bring this case as a class action.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 131.

132.     MBUSA admits that Plaintiffs purport to bring this case as a class action.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 132.

133.     MBUSA denies the allegations in paragraph 133.

134.     MBUSA denies the allegations in paragraph 134.

135.     MBUSA denies the allegations in paragraph 135.

136.     MBUSA denies the allegations in paragraph 136.

137.     MBUSA denies the allegations in paragraph 137.

138.     MBUSA denies the allegations in paragraph 138.

139.     MBUSA denies the allegations in paragraph 139.

140.     MBUSA denies the allegations in paragraph 140.

## FIRST CAUSE OF ACTION

141.     MBUSA repeats and realleges its answers to paragraphs 1-140.

142.     The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 142.  The allegations in paragraph 142 also state legal conclusions to which no

response is required. To the extent a response may be required, MBUSA denies the allegations in paragraph 142 except admits that MBUSA is a "merchant" under O.C.G.A. § 11-2-104(1) with respect to the putative class vehicles it sold and that MBUSA is a "seller" under O.C.G.A. § 11-2-103(1)(d) with respect to the putative class vehicles it sold.

143. The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 143. The allegations in paragraph 143 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA admits the allegations in paragraph 143.

144. The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 144. To the extent a response may be required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and, on that basis, denies those allegations.

145. The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 145. The allegations in paragraph 145 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA admits

that it made certain express warranties, the terms and conditions of which speak for themselves, with respect to certain putative class vehicles. MBUSA denies the remaining allegations in paragraph 145, and specifically denies that there exists any defect in the putative class vehicles.

146. The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 146. The allegations in paragraph 146 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA denies the allegations in paragraph 146.

147. The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 147. The allegations in paragraph 147 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA denies the allegations in paragraph 147, and specifically denies that there exists any defect in the putative class vehicles.

148. The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 148. The allegations in paragraph 148 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA denies the

allegations in paragraph 148, and specifically denies that there exists any defect in the putative class vehicles.

149.    The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 149.  To the extent a response may be required, MBUSA admits that certain putative class vehicles were sold subject to the terms of MBUSA's New Vehicle Limited Warranty.  MBUSA further admits that Exhibit B to the Complaint appears to be a true and accurate copy of the New Vehicle Limited Warranty applicable to model year 2013 C-Class, CL-Class, CLS-Class, E-Class, G-Class, GL-Class, GLK-Class, M-Class, S-Class, SL-Class, SLK-Class, and SLS-Class Mercedes-Benz vehicles, and that Exhibit C to the Complaint appears to be a true and accurate copy of the New Vehicle Limited Warranty applicable to model year 2014 CLS-Class and E-Class Mercedes-Benz vehicles.  Except as expressly admitted, MBUSA denies the allegations in paragraph 149 and footnote 7.

150.    The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 150.  The allegations in paragraph 150 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 150.

151.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 151.  To the extent a response may be required, the "2013 Service and Warranty Booklet" speaks for itself.  MBUSA denies the remaining allegations in paragraph 151.

152.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 152.  To the extent a response may be required, MBUSA denies the allegations in paragraph 152.

153.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 153.  The allegations in paragraph 153 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 153, and specifically denies that there exists any defect in the putative class vehicles.

154.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 154.  The allegations in paragraph 154 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the

allegations in paragraph 154, and specifically denies that there exists any defect in the putative class vehicles.

155.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 155.  To the extent a response may be required, MBUSA denies the allegations in paragraph 155, and specifically denies that there exists any defect in the putative class vehicles.

156.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 156.  The allegations in paragraph 156 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 156.

157.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 157.  The allegations in paragraph 157 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 157.

158.   The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph

158.  The allegations in paragraph 158 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 158.

159.  The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 159.  The allegations in paragraph 159 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 159.

160.  The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 160.  The allegations in paragraph 160 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 160, and specifically denies that there exists any defect in the putative class vehicles.

161.  The Court dismissed Plaintiffs' First Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 161.  The allegations in paragraph 161 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 161.

## SECOND CAUSE OF ACTION

162.   MBUSA repeats and realleges its answers to paragraphs 1-161.

163.   The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 163. The allegations in paragraph 163 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA denies the allegations in paragraph 163.

164.   The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 164. The allegations in paragraph 164 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and, on that basis, denies those allegations.

165.   The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018. Accordingly, MBUSA is not required to answer the allegations in paragraph 165. The allegations in paragraph 165 also state legal conclusions to which no response is required. To the extent a response may be required, MBUSA denies the allegations in paragraph 165.

166.    The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 166.  The allegations in paragraph 166 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA admits that it made certain express warranties, the terms and conditions of which speak for themselves, with respect to certain putative class vehicles.  MBUSA denies the remaining allegations in paragraph 166.

167.    The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 167.  The allegations in paragraph 167 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 167, and specifically denies that there exists any defect in the putative class vehicles.

168.    The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 168.  To the extent a response may be required, MBUSA denies the allegations in paragraph 168.

169.    The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph

169.  The allegations in paragraph 169 also state legal conclusions to which no response is required.  To the extent a response may be required, the text of 15 U.S.C. § 2304(d)(1) speaks for itself.  Except as expressly admitted, MBUSA denies the allegations in paragraph 169.

170.   The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 170.  The allegations in paragraph 170 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 170, and specifically denies that there exists any defect in the putative class vehicles.

171.   The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 171.  The allegations in paragraph 171 also state legal conclusions to which no response is required.  To the extent a response may be required, MBUSA denies the allegations in paragraph 171.

172.   The Court dismissed Plaintiffs' Second Cause of Action on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 172.  The allegations in paragraph 172 also state legal conclusions to which no

response is required. To the extent a response may be required, MBUSA denies the allegations in paragraph 172.

## THIRD CAUSE OF ACTION

173. MBUSA repeats and realleges its answers to paragraphs 1-172.

174. The allegations in paragraph 174 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 174.

175. The allegations in paragraph 175 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 175.

176. The allegations in paragraph 176 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 176.

177. The allegations in paragraph 177 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 177, and specifically denies that there exists any defect in the putative class vehicles.

178.  The allegations in paragraph 178 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 178.

## FOURTH CAUSE OF ACTION

179.  MBUSA repeats and realleges its answers to paragraphs 1-178.

180.  The allegations in paragraph 180 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 and, on the basis, denies those allegations.

181.  The allegations in paragraph 181 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA admits the allegations in paragraph 181.

182.  The allegations in paragraph 182 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA admits the allegations in paragraph 182.

183.  The allegations in paragraph 183 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA admits the allegations in paragraph 183.

184.   The allegations in paragraph 184 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 184.

185.   The allegations in paragraph 185 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 185, and specifically denies that there exists any defect in the putative class vehicles.

186.   The allegations in paragraph 186 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 186.

187.   The allegations in paragraph 187 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 187.

188.   The allegations in paragraph 188 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 188.

## FIFTH CAUSE OF ACTION

189.   MBUSA repeats and realleges its answers to paragraphs 1-188.

190.   The allegations in paragraph 190 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 190 except admits that it is a "person" as defined by O.C.G.A. § 10-1-392(a)(24).  To the extent that the allegations in paragraph 190 are not directed to MBUSA, no response is required from MBUSA to those allegations.

191.   The allegations in paragraph 191 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and, on that basis, denies those allegations

192.   The allegations in paragraph 192 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 and, on that basis, denies those allegations.

193.   The allegations in paragraph 193 state legal conclusions to which no response is required.  To the extent a response is required, the text of the Georgia Fair Business Practices Act speaks for itself.  Except as expressly admitted, MBUSA denies the allegations in paragraph 193.

194. The allegations in paragraph 194 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 194, and specifically denies that there exists any defect in the putative class vehicles.

195. The allegations in paragraph 195 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 195.

196. The allegations in paragraph 196 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 196.

197. MBUSA denies the allegations in paragraph 197, and specifically denies that there exists any defect in the putative class vehicles.

198. The allegations in paragraph 198 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 198, and specifically denies that there exists any defect in the putative class vehicles.

199. The allegations in paragraph 199 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the

allegations in paragraph 199, and specifically denies that there exists any defect in the putative class vehicles.

200.   The allegations in paragraph 200 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 200, and specifically denies that there exists any defect in the putative class vehicles.

201.   The allegations in paragraph 201 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 201, and specifically denies that there exists any defect in the putative class vehicles.

202.   The allegations in paragraph 202 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 202, and specifically denies that there exists any defect in the putative class vehicles.

203.   The allegations in paragraph 203 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 203.

204.   The allegations in paragraph 204 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the

allegations in paragraph 204, and specifically denies that there exists any defect in the putative class vehicles.

205. The allegations in paragraph 205 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 205, and specifically denies that there exists any defect in the putative class vehicles.

206. The allegations in paragraph 206 state legal conclusions to which no response is required. To the extent a response is required, MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding plaintiffs and the putative class members and, on that basis, denies those allegations. MBUSA denies all remaining allegations in paragraph 206, and specifically denies that there exists any defect in the putative class vehicles.

207. The allegations in paragraph 207 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the allegations in paragraph 207, and specifically denies that there exists any defect in the putative class vehicles.

208. The allegations in paragraph 208 state legal conclusions to which no response is required. To the extent a response is required, MBUSA denies the

allegations in paragraph 208, and specifically denies that there exists any defect in the putative class vehicles.

209.   The allegations in paragraph 209 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 209.

210.   The allegations in paragraph 210 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the allegations in paragraph 210, and specifically denies that plaintiffs and the putative class members are entitled to any relief.

211.   MBUSA admits that it received the letter attached to the Complaint as Exhibit D and that it denied and continues to deny the existence of any defect in the putative class vehicles.  MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 regarding Mr. Amin's alleged reaction to his correspondence with MBUSA and, on that basis, denies those allegations.  The correspondence between Mr. Amin and MBUSA speaks for itself, and except as expressly admitted, MBUSA denies the remaining allegations in paragraph 211.

212.   The allegations in paragraph 212 state legal conclusions to which no response is required.  To the extent a response is required, MBUSA denies the

allegations in paragraph 212 and specifically denies that plaintiffs are entitled to any relief.

## SIXTH CAUSE OF ACTION

213.    MBUSA repeats and realleges its answers to paragraphs 1-212 as and for its answer to paragraph 213.

214.    MBUSA admits that it and Plaintiffs are "persons" as defined by O.C.G.A. § 10-1-371(5).  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 214.

215.    MBUSA admits that paragraph 215 accurately quotes portions of the Georgia Uniform Deceptive Trade Practices Act.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 215.

216.    The Court dismissed Plaintiffs' Sixth Cause of Action as to MBUSA's marketing and advertising on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 216.  To the extent a response may be required, MBUSA denies the allegations in paragraph 216.

217.    The Court dismissed Plaintiffs' Sixth Cause of Action as to MBUSA's marketing and advertising on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 217.  To the extent a response may be required, MBUSA denies the allegations in paragraph 217.

218.    MBUSA denies the allegations in paragraph 218, and specifically denies that there exists any defect in the putative class vehicles.

219.    MBUSA denies the allegations in paragraph 219, and specifically denies that there exists any defect in the putative class vehicles.

220.    MBUSA denies the allegations in paragraph 220, and specifically denies that there exists any defect in the putative class vehicles.

221.    MBUSA denies the allegations in paragraph 221, and specifically denies that there exists any defect in the putative class vehicles.

222.    The Court dismissed Plaintiffs' Sixth Cause of Action as to MBUSA's marketing and advertising on March 13, 2018.  Accordingly, MBUSA is not required to answer the allegations in paragraph 222.  To the extent a response may be required, MBUSA denies the allegations in paragraph 222, and specifically denies that there exists any defect in the putative class vehicles.

223.    MBUSA denies the allegations in paragraph 223, and specifically denies that there exists any defect in the putative class vehicles.

224.    MBUSA denies the allegations in paragraph 224, and specifically denies that there exists any defect in the putative class vehicles.

225.    MBUSA denies the allegations in paragraph 225, and specifically denies that there exists any defect in the putative class vehicles.

226. MBUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 and, on that basis, denies those allegations, and specifically denies that there exists any defect in the putative class vehicles.

227. MBUSA denies the allegations in paragraph 227, and specifically denies that there exists any defect in the putative class vehicles.

228. MBUSA denies the allegations in paragraph 228, and specifically denies that there exists any defect in the putative class vehicles.

229. MBUSA denies the allegations in paragraph 229, and specifically denies that there exists any defect in the putative class vehicles.

230. MBUSA denies the allegations in paragraph 230, and specifically denies that there exists any defect in the putative class vehicles.

231. MBUSA admits that the Complaint purports to seek injunctive relief and attorneys' fees. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 231 and specifically denies that Plaintiffs are entitled to the relief requested or any other relief.

## SEVENTH CAUSE OF ACTION

232. MBUSA repeats and realleges its answers to paragraphs 1-231 as and for its answer to paragraph 232.

233. MBUSA admits that paragraph 233 accurately quotes a portion of O.C.G.A. § 11-2-314. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 233.

234. MBUSA admits that it is a "merchant" with respect to the Class Vehicles it sold. Except as expressly admitted herein, MBUSA denies the allegations in paragraph 234.

235. MBUSA denies the allegations in paragraph 235, and specifically denies that there exists any defect in the putative class vehicles.

236. MBUSA denies the allegations in paragraph 236.

## EIGHTH CAUSE OF ACTION

237. MBUSA repeats and realleges its answers to paragraphs 1-236 as and for its answer to paragraph 237.

238. MBUSA denies the allegations in paragraph 238, and specifically denies that there exists any defect in the putative class vehicles.

239. MBUSA denies the allegations in paragraph 239, and specifically denies that there exists any defect in the putative class vehicles.

240. MBUSA denies the allegations in paragraph 240, and specifically denies that there exists any defect in the putative class vehicles.

241. MBUSA denies the allegations in paragraph 241, and specifically denies that there exists any defect in the putative class vehicles.

242. MBUSA denies the allegations in paragraph 242, and specifically denies that there exists any defect in the putative class vehicles.

243. MBUSA denies the allegations in paragraph 243, and specifically denies that there exists any defect in the putative class vehicles.

244. MBUSA denies the allegations in paragraph 244, and specifically denies that there exists any defect in the putative class vehicles.

245. MBUSA denies the allegations in paragraph 245, and specifically denies that there exists any defect in the putative class vehicles.

246. MBUSA denies the allegations in paragraph 246, and specifically denies that there exists any defect in the putative class vehicles.

247. MBUSA denies the allegations in paragraph 247, and specifically denies that there exists any defect in the putative class vehicles.

248. MBUSA denies the allegations in paragraph 248, and specifically denies that there exists any defect in the putative class vehicles.

249. MBUSA denies the allegations in paragraph 249, and specifically denies that there exists any defect in the putative class vehicles.

## NINTH CAUSE OF ACTION

250.   MBUSA repeats and realleges its answers to paragraphs 1-249 as and for its answer to paragraph 250.

251.   MBUSA denies the allegations in paragraph 251, and specifically denies that there exists any defect in the putative class vehicles.

252.   MBUSA denies the allegations in paragraph 252, and specifically denies that there exists any defect in the putative class vehicles.

253.   MBUSA denies the allegations in paragraph 253, and specifically denies that there exists any defect in the putative class vehicles.

254.   MBUSA denies the allegations in paragraph 254, and specifically denies that there exists any defect in the putative class vehicles.

## RELIEF REQUESTED

255.   MBUSA denies the allegations in paragraph 255 and further denies that Plaintiffs and members of the putative class are entitled to the relief requested or any other relief.

## JURY DEMAND

256.   MBUSA admits that Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.  Except as expressly admitted herein, MBUSA denies the allegations in paragraph 256.

## DEFENSES

By alleging the defenses set forth below, MBUSA does not concede that it has the burden of proof or persuasion with respect to any of these issues.

## FIRST DEFENSE

MBUSA denies all allegations not expressly admitted, including but not limited to the allegations in headings in the Complaint, and specifically reserves all affirmative or other defenses that it may have against plaintiffs and the putative class. It is not necessary at this time for MBUSA to delineate defenses against the putative class because no class has been certified and the putative class members are not parties to this litigation.

## SECOND DEFENSE

MBUSA specifically reserves all affirmative or other defenses as may become available or appear upon further developments in the case.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiffs' claims and those of the putative class are barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs' claims and those of the putative class are barred to the extent they have failed to mitigate their damages.

## SIXTH DEFENSE

Plaintiffs and the putative class may not seek equitable relief because they have an adequate remedy at law.

## SEVENTH DEFENSE

Plaintiffs' claims and those of the putative class were not brought within a reasonable time after they were or should have been discovered and therefore are barred by the doctrine of laches.  MBUSA has been prejudiced by plaintiffs' and putative class members' delay in bringing stale, tardy claims.

## EIGHTH DEFENSE

Plaintiffs' claims and those of the putative class are barred to the extent they are moot.

## NINTH DEFENSE

Plaintiffs' claims and those of the putative class are barred to the extent any injury they sustained was caused by their own negligent conduct.

## TENTH DEFENSE

Any claim for damages, restitution, or other monetary recovery by plaintiffs or members of the putative class must be offset and reduced by the value received from the vehicles purchased or leased.

## ELEVENTH DEFENSE

The claims of plaintiffs and the putative class are barred, in whole or in part, to the extent they are subject to the doctrines of *res judicata*, collateral estoppel, release, accord and satisfaction, settlement, arbitration and award, fraud, offset, and voluntary payment.

## TWELFTH DEFENSE

Plaintiffs' claims and those of the putative class are barred by the doctrines of unclean hands, waiver, and/or estoppel.

## THIRTEENTH DEFENSE

There are superseding and/or intervening causes for the damages, if any, incurred by plaintiffs and the putative class that bar recovery against MBUSA.

## FOURTEENTH DEFENSE

The claims made by plaintiffs and the putative class on whose behalf plaintiffs purport to sue are barred, in whole or in part, because some or all of them lack standing to bring this action or seek the relief requested.

## FIFTEENTH DEFENSE

The claims made by plaintiffs and the putative class are preempted in whole or part.

## SIXTEENTH DEFENSE

The claims made by plaintiffs and the putative class are barred, in whole or in part, by plaintiffs' and/or putative class members' failure to provide effective notice.

## SEVENTEENTH DEFENSE

The claims made by plaintiffs and the putative class are subject to the primary jurisdiction of NHTSA.

## EIGHTEENTH DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because, *inter alia*, the putative classes are inadequately defined and lack ascertainability, Defendants have not acted or refused to act on grounds that apply generally to the putative class, the monetary relief requested is not incidental to the injunctive relief sought, the putative classes are not so numerous that joinder is impracticable, the claims lack commonality and typicality, the named plaintiffs and their counsel cannot adequately protect the interests of the class, common questions of law and/or fact

do not predominate, and a class action is not the superior method for adjudicating this dispute.

## NINETEENTH DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the information allegedly concealed is not the kind of information that requires disclosure under the causes of action alleged.

## TWENTIETH DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the representations alleged were not made with the intent to mislead Plaintiffs or the putative class members.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, for lack of reasonable reliance.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the representations and/or omissions alleged by Plaintiffs were and are not material to Plaintiffs' and/or the putative class members' decisions to purchase the Class Vehicles.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members have enjoyed the full benefit of their purchase of the Class Vehicles.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, under the doctrine of abstention to the extent the application of Georgia's consumer protection statutes would intrude upon NHTSA's or other government agency's regulation of the subject matter of the Complaint.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class members are speculative, remote, and impossible to ascertain.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs seek punitive or exemplary damages, the Complaint violates the Defendants' right to due process protected under the Fifth and Fourteenth Amendments of the United States Constitution and the right to protection against excessive fines under the Eighth Amendment of the United States Constitution, and the analogous provisions contained in the Constitution of the State of Georgia.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent Plaintiffs and/or the putative class members made purchases of the Class Vehicles with actual or constructive notice of the allegations in this lawsuit.

## TWENTY-EIGHTH DEFENSE

MBUSA reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, MBUSA prays for judgment as follows:

1.      That plaintiffs and the putative class take nothing;

2.      That the Court enter judgment in favor of MBUSA on each cause of action alleged against it in the Complaint;

3.      That MBUSA be awarded its costs, expenses, and reasonable attorneys' fees; and

4.      That the Court grant MBUSA all further legal and equitable relief that it deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

MBUSA hereby demands a trial by jury on all claims triable by jury.

Dated: March 27, 2018          Respectfully submitted,

By: _/s/ Stephen B. Devereaux_        
    Stephen B. Devereaux
    Georgia Bar No. 219791
    Madison H. Kitchens
    Georgia Bar No. 561653
    Adam Reinke
    Georgia Bar No. 510426

    KING & SPALDING LLP
    1180 Peachtree Street, N.E.
    Atlanta, Georgia  30309
    Telephone:  (404) 572-4600
    Fax:  (404) 572-5100
    Email:  sdevereaux@kslaw.com
    mkitchens@kslaw.com
    areinke@kslaw.com

    **Attorneys for Defendant Mercedes-Benz USA, LLC**

## CERTIFICATE OF COMPLIANCE

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing pleading has been prepared using 14 point Times New Roman font, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

 /s/  *Stephen B. Devereaux*
Stephen B. Devereaux
Georgia Bar No. 219791

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which automatically sends e-mail notification of such filing to any attorneys of record.

I hereby certify that on this date I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants: None.

This 27th day of March, 2018.

*/s/ Stephen B. Devereaux*
Stephen B. Devereaux
Georgia Bar No. 219791