**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SUNIL AMIN and TRUSHAR PATEL, on behalf of themselves and all others similarly situated | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-01701-AT |
| | ) | |
| MERCEDES-BENZ USA, LLC and DAIMLER AG | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action.**

**Plaintiffs**

This is a class action brought by Plaintiffs against Mercedes-Benz USA, LLC ("MBUSA") and Daimler AG ("Daimler") (collectively, "Mercedes"), on behalf of owners and lessees of certain motor vehicles designed, manufactured, distributed, warranted, marketed, serviced, and sold or leased by Mercedes and its related entities.

1

The vehicles at issue in this action include the 2004-2012 Mercedes A-Class, 2001-2017 Mercedes C-Class, 2000-2014 Mercedes CL-Class, 2013-2017 Mercedes CLA-Class, 2003-2009 Mercedes CLK-Class, 2004-2017 Mercedes CLS-Class, 2003-2016 Mercedes E-Class, 2007-2017 Mercedes GL-Class, 20102016 Mercedes GLK-Class, 2006-2016 Mercedes M-Class, 2017 Mercedes GLE-Class, 2006-2015 Mercedes R-Class, 1999-2017 Mercedes S-Class, 2003-2012 Mercedes SL-Class, 2004-2016 Mercedes SLK-Class, and 2002-2013 Maybach 57 and 62 (the "Class Vehicles").

Plaintiffs allege these Class Vehicles' heating, ventilation, and air conditioning systems ("HVAC Systems") have a defect that causes the HVAC Systems to (a) accumulate mold and mildew residue or growth within the HVAC System; (b) emit a moldy or mildewy odor that permeates the vehicle cabin when the HVAC system is activated; and (c) cause the Vehicle's passenger cabin to be unbearable and thus unusable for its intended purpose.

Plaintiffs allege Mercedes knew of the claimed defect prior to them purchasing or leasing their Vehicles but failed to disclose and actively concealed this information. Plaintiffs also allege Mercedes failed to provide a permanent remedy for the HVAC System Defect, forcing Plaintiffs and Class Members to repeatedly have their Vehicles serviced and incur costs to pay for measures that

provide only temporary relief from the recurring moldy smell emanating from the HVAC Systems in their Class Vehicles.

Plaintiffs assert claims for breach of express and implied warranties, violations of the Magnuson-Moss Warranty Act, violations of the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390, et seq.), violations of the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370, et seq.), fraud by concealment, and unjust enrichment.

The Court has denied motions to dismiss filed by MBUSA and Daimler. Plaintiffs do not believe this filing is an appropriate vehicle for the parties to prematurely argue class certification; therefore Plaintiffs will note only that this case is well suited for class treatment because common factual questions center on Mercedes's course of conduct, and these common questions predominate over any individual questions and ought to be adjudicated only once, in a single proceeding, rather than repeatedly in thousands of individual trials based on identical evidence of what Mercedes knew, concealed, and failed to disclose.

As discussed further in the sections below, discovery is needed to develop the factual record on these issues, and Plaintiffs believe discovery will provide evidence supporting the merits of Plaintiffs' claims as well as the appropriateness of certification of the proposed Class.

As to the specific legal issues raised by Mercedes below, the Court has largely considered and rejected them in its Orders on the respective motions to dismiss filed by each defendant.  (Dkt. 30, 49).

**Defendant Daimler AG**

Daimler AG denies the allegations in Plaintiffs' Complaint, and specifically denies liability to Plaintiffs or to any putative class member.  Moreover, Daimler AG denies that this lawsuit can be certified as a class action because it fails to meet the requirements of Federal Rule of Civil Procedure 23, as well as applicable state and federal precedents, and because there exists no set of facts or amount of discovery that can make the claims amenable to class treatment.

Plaintiffs cannot show Mercedes-Benz USA, LLC ("MBUSA") was the agent of Daimler AG.  Nor can Plaintiffs show that there is any other basis for holding Daimler AG liable to Plaintiffs or any member of the putative class. Specifically, Plaintiffs cannot show that Daimler AG had knowledge of the alleged defect or a sufficient relationship with Plaintiffs and the putative class members for purposes of establishing a duty to disclose.  Although Plaintiffs point to alleged sources of Daimler AG's knowledge, none supports knowledge of an alleged HVAC system defect.  For similar reasons, Plaintiffs cannot show that Daimler AG intended to defraud Plaintiffs and the putative class, or that Daimler AG actively

4

and intentionally concealed the alleged defect from Plaintiffs and the putative class.

Plaintiffs' claims also suffer from various other deficiencies. For example, Plaintiff Amin's claims for violations of the Georgia Fair Business Practices Act ("GFBPA") and breach of implied warranty are barred by the applicable statutes of limitations. Plaintiff Patel failed to comply with the notice requirement set forth in the New Vehicle Limited Warranty and under Georgia law, as well as the pre-suit notice requirement of the GFBPA. Plaintiffs cannot recover under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") because they cannot show they are likely to be damaged in the future by a deceptive trade practice, given that their alleged harms are due to purported past conduct. Additionally, Plaintiffs cannot seek recovery for unjust enrichment when they cannot show that Daimler AG directly benefitted from their purchase of Mercedes vehicles. Finally, Plaintiffs' claims for equitable relief fail as a matter of law because Plaintiffs cannot show that they suffered irreparable harm or that the equitable relief they seek will redress their alleged injuries.

Additionally, Plaintiffs' claims are not amenable to class treatment. First, Plaintiffs lack standing to assert claims relating to models of vehicles they did not themselves purchase. Moreover, Plaintiffs cannot show that the alleged defect,

which they have not identified with any specificity, exists in every putative class vehicle.  Plaintiffs own only two of the dozens of different types and generations of Mercedes-Benz vehicles spanning 19 model years that they put at issue; and they do not and cannot show that the HVAC systems of the vehicles are the same across all these different models and model years, much less that all of the vehicles at issue were sold in the same circumstances.  Because the vast majority of the different types of HVAC systems in the dozens of different types of putative class vehicles have not experienced the symptoms alleged by plaintiffs, class action treatment is not proper here.

Even if a particular class member alleged an odor of some sort, individual inquiries would be necessary to determine the cause of each particular instance; and even if the HVAC system is determined to be a possible source in any such instance, odors can occur for reasons wholly unrelated to an alleged defect.  The claims raise other highly individualized issues, such as standing, reliance, causation, damages, and statute of limitations issues.  Alone, each of these individualized issues make class treatment improper; taken together, they render the class incapable of resolution using the class action device.  Beyond that, class treatment of Plaintiffs' claims for alleged violations of the GFBPA is improper for

the additional reason that Plaintiffs are barred as a matter of law from pursuing

claims under that Act "in a representative capacity."  *See* O.C.G.A. § 10-1-399(a).

   **(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs allege that certain vehicles designed, manufactured, and/or

distributed by MBUSA and/or Daimler AG have a defectively designed HVAC

system, which allows mold and mildew to accumulate.  Plaintiffs seek damages

and equitable relief, asserting claims against Daimler AG for violations of the

GFBPA, violations of the Georgia Uniform Deceptive Trade Practices Act, fraud

by concealment, and unjust enrichment.

Daimler AG denies these claims and all other material allegations made by

Plaintiffs, denies that any form of class certification would be proper, and denies

that any form of relief (whether individual or on behalf of others) is proper in this

case.

   **(c)    The legal issues to be tried are as follows:**

**Plaintiffs' listing of legal issues:**

1.    The existence and nature of the defect in the Class Vehicles' HVAC

      Systems;

2.     whether Mercedes knew or should have known about the HVAC System Defect, and, if so, how long Mercedes knew or should have known of the Defect;

3.     whether the defective nature of the Class Vehicles constitutes a material fact reasonable consumers would have considered in deciding whether to purchase a Class Vehicle;

4.     whether Mercedes had and/or has a duty to disclose the defective nature of the Class Vehicles to Plaintiffs and Class Members;

5.     whether Mercedes omitted and failed to disclose material facts about the Class Vehicles;

6.     whether Mercedes's concealment of the true defective nature of the Class Vehicles induced Plaintiffs and Class Members to act to their detriment by purchasing Class Vehicles;

7.     whether Mercedes represented, through its words and conduct, that the Class Vehicles had characteristics, uses, or benefits that they did not actually have, in violation of Georgia's FBPA;

8.     whether Mercedes represented, through its words and conduct, that the Class Vehicles were of a particular standard, quality, or grade when they were of another, in violation of the Georgia FBPA;

9.      whether Mercedes advertised the Class Vehicles with the intent not to
sell them as advertised, in violation of the Georgia FBPA;

10.     whether Mercedes's misrepresentations and omissions about the true
defective nature of the Class Vehicles were likely to create confusion
or misunderstanding, and therefore fraudulent, within the meaning of
Georgia's UDTPA;

11.     whether Mercedes's misrepresentations and omissions about the true
defective nature of the Class Vehicles were and are deceptive within
the meaning of the Georgia UDTPA;

12.     whether the Class Vehicles were unfit for the ordinary purposes for
which they were used, in violation of the implied warranty of
merchantability;

13.     whether Daimler is liable for the acts, omissions, and violations
described in Plaintiffs' Complaint;

14.     whether MBUSA is liable for the acts, omissions, and violations
described in Plaintiffs' Complaint;

15.     whether Plaintiffs and the other Class Members are entitled to a
declaratory judgment stating that the HVAC Systems in Class
Vehicles are defective and/or not merchantable;

16.   whether Plaintiffs and Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

17.   whether Mercedes should be declared financially responsible for notifying Class Members of the problems with the Class Vehicles and for the costs and expenses of permanently remedying the HVAC System Defect in the Class Vehicles; and

18.   whether Mercedes is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, service, repair, or replace the defective HVAC Systems.

**Defendant's listing of legal issues:**

1.   Whether Plaintiffs have standing to assert claims on behalf of purchasers of 17 different classes of vehicles spanning 19 different model years, even though the named Plaintiffs themselves purchased only a 2013 C250 Coupe and a 2014 E350 Sedan;

2.   Whether the many different kinds of HVAC systems equipped in the widely varying putative class vehicles—which include roadsters, sedans, and SUVs, and which have been sold and/or leased over a period of more than 19 years—suffer from a uniform defect;

3.     Whether MBUSA was acting as the agent of Daimler AG such that Daimler AG is liable for MBUSA's alleged conduct;

4.     Whether Daimler AG had knowledge of the alleged defect, and in a uniform manner, at the time of sale of every putative class vehicle over the more than 19 years in which they were sold and/or leased;

5.     Whether the alleged defect was uniformly material to putative class members, who bought or leased their vehicles over a period of more than 19 years, at various ages, in various conditions, and under different circumstances;

6.     Whether Daimler AG was under a uniform duty to disclose the alleged defect to putative class members regardless of the particular circumstances under which they purchased their vehicles, including those who purchased their vehicles from independent dealerships or private individuals through transactions Daimler AG could not have known about;

7.     Whether Daimler AG failed to disclose the alleged defect to putative class members;

8.     Whether Daimler AG actively and intentionally concealed the alleged defect from putative class members, including those who purchased

11

their vehicles from independent dealerships or private individuals
through transactions Daimler AG could not have known about;

9.   Whether Daimler AG intended to defraud putative class members,
including those who purchased their vehicles from independent
dealerships or private individuals through transactions Daimler AG
could not have known about;

10.   Whether putative class members uniformly relied on the alleged
omission in purchasing their vehicles;

11.   Whether the allegedly concealed information concerning the HVAC
systems was uniformly material to all putative class members;

12.   Whether each putative member of the class would have been aware of
the allegedly concealed fact at the point of purchase in a uniform way
had it been disclosed and, if so, whether each putative class member
would have uniformly made a different purchasing decision;

13.   Whether any of Daimler AG's alleged conduct to putative class
members, including those who purchased their vehicles from
independent dealerships or private individuals Daimler AG could not
have known about, constitutes unfair or deceptive business practices;

14.   Whether Plaintiffs and/or putative class members suffered any
        damages and, if so, whether those damages can be measured on a
        class-wide basis consistent with Fed. R. Civ. P. 23 and applicable
        precedent;

15.   Whether Plaintiffs and/or putative class members complied with
        applicable pre-suit notice requirements;

16.   Whether Plaintiffs' and/or putative class members' claims are barred,
        in whole or in part, by applicable statutes of limitations;

17.   Whether Plaintiffs and/or putative class members failed to mitigate
        any alleged damages;

18.   Whether Plaintiffs can recover for unjust enrichment even though a
        Daimler AG did not directly benefit from Plaintiffs' and/or putative
        class members' purchase of Mercedes vehicles and Plaintiffs have an
        adequate remedy at law;

19.   Whether potential causes of the incidents Plaintiffs allege are
        individualized in a manner precluding class treatment;

20.   Whether the many different kinds of HVAC systems installed in the
        widely varying putative class vehicles are sufficiently similar and

otherwise meet the requirements of Fed. R. Civ. P. 23 for class

certification;

21.   Whether Plaintiffs are barred as a matter of state law from pursuing

claims for alleged violations of the GFBPA "in a representative

capacity," *see* O.C.G.A. § 10-1-399(a); and

22.   Whether Plaintiffs can seek declaratory and injunctive relief where

damages would provide an adequate remedy at law.

**(d)    The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases:**

*Bhatt v. Mercedes-Benz USA, LLC*, No. 2:16-cv-03171-TJH-RAO (C.D.

Cal.) (filed May 9, 2016).

*Arakelian v. Mercedes-Benz USA, LLC*, No. BC668976 (Superior Court of

California, County of Los Angeles) (filed July 18, 2017).

*Biase v. Mercedes-Benz USA, LLC*, No. 2:18-cv- 17128 (D.N.J.) (filed Dec.

12, 2018).

**(2)  Previously Adjudicated Related Cases:**

None known at present.

**2**.    **This case is complex because it possesses one or more of the features
listed below**

**(please check):**

_**X**_   **(1) Unusually large number of parties**
_**X**_   **(2) Unusually large number of claims or defenses**
_**X**_   **(3) Factual issues are exceptionally complex**
_**X**_   **(4) Greater than normal volume of evidence**
_**X**_   **(5) Extended discovery period is needed**
___   **(6) Problems locating or preserving evidence**
___   **(7) Pending parallel investigations or action by government**
_**X**_   **(8) Multiple use of experts**
_**X**_   **(9) Need for discovery outside United States boundaries**
_**X**_   **(10) Existence of highly technical issues and proof**
_**X**_   **(11) Unusually complex discovery of electronically stored information**

**3.   Counsel:**

   **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

   **Plaintiffs:**

   Annika K. Martin
   LIEFF CABRASER HEIMANN & BERNSTEIN LLP
   250 Hudson Street, 8th Floor
   New York, NY 10013

   **Defendant:**

   Stephen B. Devereaux
   KING & SPALDING LLP
   1180 Peachtree Street, N.E.
   Atlanta, Georgia  30309

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

__X__ Yes          ____ No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

   None known at present.

**(b)     The following persons are improperly joined as parties:**

   None known at present.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None known at present.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not believe any amendments to the pleadings will be necessary.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)     *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)     *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your**

**initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties have no objections to serving initial disclosures in this case and agree to do so no later than January 25, 2019.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

A telephonic status conference is currently set for Friday, January 25, 2019. at 10:30 a.m.  As set forth in the parties' Joint Motion to Modify the Scheduling Order, filed concurrently herewith, the parties respectfully request that the Court extend fact discovery for an additional six months.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Plaintiffs' Anticipated Discovery:</u>**

Plaintiffs expect that discovery will be needed on the following subjects:

(i) The design and manufacture of the Class Vehicles' HVAC Systems;

(ii) Pre-and post-sale analysis of the field performance of the Class Vehicles' HVAC Systems;

(iii) The number of Class Vehicles sold or leased;

(iv) reports/complaints of problems with moldy smells emanating from the HVAC Systems experienced by Vehicle owners and lessees;

(v) Mercedes's knowledge of the alleged defect;

(vi) Mercedes's concealment of the alleged defect;

(vii) Efforts by Mercedes to address and remedy the defect, including communications with its dealerships, service centers, and customers;

(viii) Customer complaints about smells emanating from the HVAC Systems in the Class Vehicles;

(ix) Mercedes's knowledge of the potential health effects of mold, fungus, bacteria, allergens, and other bio species in air breathed by humans;

(x) Warranties applicable to the Class Vehicles' HVAC Systems;

(xi) Warranty and "goodwill" claims data for servicing of Class Vehicles' HVAC Systems;

(xii) Manuals, brochures, marketing materials, advertisements, and other communications about the Class Vehicles; and

(xiii) Agreements and policies governing the relationship between Mercedes and Mercedes service centers or dealerships, and between MBUSA and Daimler and other related entities.

(xiv) The existence of an agency relationship between Daimler and MBUSA (s*ee* Dkt. 49 (Order on Daimler Motion to Dismiss) at 26-33).

Plaintiffs intend to seek written discovery on these subjects, as well as take depositions of Mercedes witnesses with knowledge of these subjects, including corporate representative depositions pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiffs may also need to seek discovery from third parties, such as suppliers or consultants to Mercedes, should circumstances warrant. Plaintiffs also intend to conduct expert discovery and depositions of any experts relied on by Mercedes. Plaintiffs reserve the right to seek additional discovery beyond that described here, should the need arise.

Finally, regarding Daimler's statement below that it may seek discovery from unnamed class members, Plaintiffs note that they will object to any such request by Daimler or MBUSA. It is well established in this Circuit that individualized discovery directed towards absent or passive class members is

generally improper under Rule 23. *See, e.g., Luna v. Del Monte Fresh Produce (Se.), Inc.*, No. CIVA 106-CV-2000-JEC, 2007 WL 1500269, at *6 (N.D. Ga. May 18, 2007) (citing *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir.1986)).

### **Daimler AG's Anticipated Discovery:**

Daimler AG anticipates seeking discovery in order to better understand Plaintiffs' alleged defect theory, the maintenance and ownership history of Plaintiffs' vehicles, and other issues concerning Plaintiffs' vehicles.

Daimler AG intends to propound written discovery on Plaintiffs in accordance with the Federal Rules of Civil Procedure.  Once Plaintiffs respond to written discovery, Daimler AG plans to take the depositions of Plaintiffs and any identified witnesses.  Following Plaintiffs' discovery responses and depositions, Daimler AG may need to propound additional written discovery.  Daimler AG may also conduct additional third-party discovery as circumstances warrant, including discovery of persons or entities who serviced Plaintiffs' vehicles.  Daimler AG also needs to inspect Plaintiffs' vehicles, including but not limited to the systems and component parts they put at issue.  Daimler AG may also seek to obtain discovery from a limited number of unnamed class members. Additionally, Daimler AG anticipates that it will engage in expert discovery.

21

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

As set forth in the parties' Joint Motion to Modify the Scheduling Order, filed concurrently herewith, the parties respectfully request that the Court extend fact discovery for an additional six months to coordinate discovery between this case and other cases involving the same counsel and materially identical factual allegations.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

At the present time, the parties do not believe that a departure from the Federal Rules of Civil Procedure or the Local Rules is warranted for this case, but each party reserves all rights to seek modifications if necessary.

**(b)    Is any party seeking discovery of electronically stored information?**

__X__ Yes          _____ No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have discussed the need for a stipulated agreement for the entry of a protocol governing the disclosure, discovery, and preservation of electronically stored information ("ESI protocol").  In the event the parties reach agreement regarding the terms of such an ESI protocol, it will be submitted to the Court for review and approval before discovery begins under Local Rule 26.2(A). If the parties cannot reach agreement, they reserve all rights to seek guidance from the Court.

**(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have discussed the need for a stipulated agreement for the entry of a protocol governing the disclosure, discovery, and preservation of electronically stored information ("ESI protocol").  In the event the parties reach agreement regarding the terms of such an ESI protocol, it will be submitted to the Court for review and approval before discovery begins under Local Rule 26.2(A). If the parties cannot reach agreement, they reserve all rights to seek guidance from the Court.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties have discussed the need for a stipulated confidentiality agreement for the entry of a protective order ("confidentiality agreement") covering commercially sensitive or privacy protected information that may be produced in this litigation by the parties or third parties.  In the event the parties reach agreement regarding the terms of such an order, it will be submitted to the Court for review and approval before discovery begins under Local Rule 26.2(A). If the parties cannot reach agreement, they reserve all rights to seek guidance from the Court.

**13.     Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted Rule 26(f) conferences on August 3, 2017, and January 11, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiffs: Lead counsel (signature):**   */s/ Annika K. Martin*

**Other participants:**  John T. Spragens, Ketan A. Patel

**For Daimler AG: Lead counsel (signature):** *_/s/  Stephen B. Devereaux_____*
Stephen B. Devereaux

**Other participants:**  Eric Knapp, Adam Reinke

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(  ) A possibility of settlement before discovery.
(  ) A possibility of settlement after discovery.
(  ) A possibility of settlement, but a conference with the judge is needed.
(**X**) No possibility of settlement at this time. However, the parties have discussed engaging a private mediator to explore settlement prospects in coming months.

**(c)    Counsel ( X ) do or ( ___ ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

The parties disagree as to whether any of Plaintiffs' claims are meritorious, whether the alleged defect exists at all or across all putative class members' vehicles, and whether the relief Plaintiffs seek is appropriate on either an individual or classwide basis.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (      ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a**

United States Magistrate Judge form has been submitted to the clerk of court this  day _____, of 20___.

     **(b)**    **The parties (  X  ) do not consent to having this case tried before a magistrate judge of this Court.**

/s/ Annika K. Martin_____
Jonathan D. Selbin (admitted *pro hac vice*)
jselbin@lchb.com
Annika K. Martin (admitted *pro hac vice*)
akmartin@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

John T. Spragens (admitted *pro hac vice*)
jspragens@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

Ketan A. Patel
kp@personalinjury-ga.com
CORPUS LAW PATEL, LLC
PO BOX 1022
Atlanta, Georgia 30290
Telephone: (678) 597-8020
Facsimile: (678) 826-4700

**COUNSEL FOR PLAINTIFFS AND
THE PROPOSED CLASS**

/s/ Stephen B. Devereaux_____
Stephen B. Devereaux
Georgia Bar No. 219791
Madison H. Kitchens
Georgia Bar No. 561653
Adam Reinke
Georgia Bar No. 510426

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email:  sdevereaux@kslaw.com
          mkitchens@kslaw.com
          areinke@kslaw.com

**COUNSEL FOR DEFENDANT
DAIMLER AG**

## <u>JURISDICTIONAL STATEMENT</u>

Daimler AG believes that there are significant questions as to subject matter jurisdiction.  Specifically, Daimler AG contends that the named Plaintiffs lack standing to assert claims relating to vehicles they did not themselves purchase and that Plaintiffs lack standing to seek injunctive relief because (1) it is not likely Plaintiffs will suffer irreparable future harm; and (2) Plaintiffs' requested injunction will not redress any future harm they might suffer.  Daimler AG believes that discovery and investigation may uncover additional issues as well.

* * * * * * * * * * * *

## **SCHEDULING ORDER**

The parties have jointly moved to modify the scheduling order in this case and respectfully refer the Court to that motion and the proposed scheduling order attached thereto.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which automatically sends e-mail notification of such filing to any attorneys of record.

I hereby certify that on this date I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants:  None.

This 18th day of January, 2019.

/s/ Stephen B. Devereaux
Stephen B. Devereaux
Georgia Bar No. 219791