UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| SUNIL AMIN and TRUSHAR PATEL, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>      v.<br><br>MERCEDES-BENZ USA, LLC, and DAIMLER AG,<br><br>                   Defendants. | Case No. 1:17-cv-01701-AT<br><br>**MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF CLASS NOTICE**<br><br>The Honorable Amy Totenberg |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................1

I.    BACKGROUND AND PROCEDURAL HISTORY ...............................2

II.   SUMMARY OF SETTLEMENT TERMS......................................5

    A.   THE SETTLEMENT CLASS DEFINITION .....................................5

    B.   SETTLEMENT CLASS MEMBER BENEFITS ...............................5

III.  LEGAL STANDARD....................................................7

IV.   ARGUMENT.........................................................8

    A.   THE SETTLEMENT MERITS APPROVAL. ...................................8

        1.   The Settlement Was the Result of a Thorough, Informed, Fair Negotiation Process. ........................................9

        2.   The Settlement Provides Significant Benefits in Exchange for the Compromise of Strong Claims. ..................11

            a.   The Settlement Mitigates the Risks, Expenses, and Delays of Continued Litigation. ....................................12

            b.   The Claims Process Is Straightforward. ........................12

            c.   Counsel Will Seek Reasonable Fees and Costs. ............13

        3.   The Settlement Treats Class Members Equitably. ...................14

        4.   There Are No Undisclosed Side Agreements. .........................15

    B.   THE COURT WILL BE ABLE TO CERTIFY THE CLASS. ..........15

        1.   The Class Meets the Requirements of Rule 23(a)....................16

            a.   The Class is Sufficiently Numerous. .............................16

            b.   There Are Common Questions of Law and Fact. ..........17

            c.   The Class Representatives' Claims Are Typical............18

            d.   The Class Representatives and Class Counsel Are More Than Adequate. ....................................18

        2.   The Class Meets Rule 23(b)(3)'s Requirements. ....................20

# TABLE OF CONTENTS
## (continued)

Page

a.    Common Issues of Law and Fact Predominate..............20

b.    Class Treatment Is Superior. .........................................21

C.    THE PROPOSED NOTICE IS THE BEST PRACTICABLE. ..........23

D.    PROPOSED SCHEDULE FOR NOTICE AND APPROVAL. ..........24

V.    LEAVE TO AMEND COMPLAINT SHOULD BE GRANTED...............25

VI.    CONCLUSION .........................................................................25

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adams v. S. Farm Bureau Life Ins. Co.*,
493 F.3d 1276 (11th Cir. 2007) ........................................................23

*Alin v. Honda Motor Co., Ltd.*,
2012 WL 8751045 (D.N.J. Apr. 13, 2012).........................................14

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997) ...........................................................15, 21, 22

*Arakelian v. Mercedes-Benz USA LLC*,
2:17-cv-6240 (C.D. Cal.) ...................................................................22

*Barron v. Snyder's-Lance, Inc.*,
2016 WL 3913571 (S.D. Fla. Feb. 12, 2016) .....................................25

*Carriuolo v. General Motors Co.*,
823 F.3d 977 (11th Cir. 2016) ...........................................................20

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
258 F.R.D. 545 (N.D. Ga. 2007).........................................................15

*Cox v. Am. Cast Iron Pipe Co.*,
784 F.2d 1546 (11th Cir. 1986) .........................................................16

*David v. Am. Suzuki Motor Corp.*,
2010 WL 1628362 (S.D. Fla. Apr. 15, 2010)......................................11

*George v. Academy Mort'g Corp. (UT)*,
369 F. Supp. 3d 1356 (N.D. Ga. 2019) ...............................................12

*In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,
2019 WL 2720818 (N.D. Ga. June 6, 2019) .......................................15

*In re Checking Account Overdraft Litig.*,
307 F.R.D. 656 (S.D. Fla. 2015).................................................17, 20

*In re Progressive Ins. Corp. Underwriting & Rating Practices Litig.*,
2008 WL 11348505 (N.D. Fla. Oct. 1, 2008)......................................14

*In re Tri-State Crematory Litig.*,
215 F.R.D. 660 (N.D. Ga. 2003).........................................................18

# TABLE OF AUTHORITIES
## (continued)

Page

*Ingram v. The Coca-Cola Co.*,
   200 F.R.D. 685 (N.D. Ga. 2001) ...................................................................... 13

*Klay v. Humana, Inc.*,
   382 F.3d 1241 (11th Cir. 2004) ........................................................................ 21

*Melanie K. v. Horton*,
   2015 WL 1308368 (N.D. Ga. Mar. 23, 2015) .................................................. 17

*Mohamed v. Am. Motor Co., LLC*,
   320 F.R.D. 301 (S.D. Fla. 2017) ...................................................................... 23

*Monroe Cnty. Empls.' Ret. Sys.*,
   2019 WL 3956139, (N.D. Ga. Aug. 22, 2019) .................................................. 22

*Rosen v. J.M. Auto Inc.*,
   270 F.R.D. 675 (S.D. Fla. 2009) ................................................................. 17, 18

*Sadowska v. Volkswagen Grp. of Am., Inc.*,
   2013 WL 9600948 (C.D. Cal. Sept. 25, 2013) ................................................. 14

*Sanchez-Knutson v. Ford Motor Co.*,
   310 F.R.D. 529 (S.D. Fla. 2015) ................................................................. 16, 19

*Teahl v. Lazy Flamingo, Inc.*,
   2016 WL 4136537 (M.D. Fla. June 21, 2016) .................................................. 25

*Turner v. Gen. Elec. Co.*,
   2006 WL 2620275 (M.D. Fla. Sept. 13, 2006) ................................................. 11

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) ...................................................................................... 20

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .......................................................................................... 17

*Williams v. Mohawk Indus., Inc.*,
   568 F.3d 1350 (11th Cir. 2009) ........................................................................ 17

*Williams v. Wells Fargo Bank, N.A.*,
   280 F.R.D. 665 (S.D. Fla. 2012) ...................................................................... 18

## TABLE OF AUTHORITIES
### (continued)

Page

*Wilson v. EverBank*,
   2016 WL 457011 (S.D. Fla. Feb. 3, 2016) ......................................................10

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) .........................................................................................25

Fed. R. Civ. P. 23(a)(1) .........................................................................................16

Fed. R. Civ. P. 23(a)(4) .........................................................................................19

Fed. R. Civ. P. 23(e)(1) ............................................................................................ i

Fed. R. Civ. P. 23(e)(1)(B) ..................................................................................... 8

Fed. R. Civ. P. 23(e)(2) ..................................................................................i, 7, 8

Fed. R. Civ. P. 23(e)(2)(A) ..................................................................................... 9

Fed. R. Civ. P. 23(e)(2)(B) ..................................................................................... 9

Fed. R. Civ. P. 23(g)(3) ............................................................................................ i

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Proposed Class Counsel, on behalf of a proposed Settlement Class of certain owners and lessees of Mercedes-Benz vehicles defined in the proposed Settlement Agreement, will and hereby do move the Court for an order preliminarily approving the Settlement and directing notice to the Class under Fed. R. Civ. P. 23(e)(1); appointing Class Counsel and Class Representatives under Fed. R. Civ. P. 23(g)(3); granting leave to file an amended complaint; and scheduling a final approval hearing under Fed. R. Civ. P. 23(e)(2).

As discussed in the attached Memorandum of Points and Authorities, the Parties negotiated a Settlement that entitles Class Members to cash reimbursement for past repairs related to the moldy and mildew odors originating from their HVAC systems, and a forward-looking extended warranty that covers qualified future repairs to address the moldy odors. The proposed notice program, which includes direct mail notice and a settlement website, fulfills the requirements of Rule 23 and due process as the best notice practicable under the circumstances. Plaintiffs thus respectfully request that the Court grant preliminary approval, direct notice to the proposed Class, grant leave to file an amended complaint, and schedule a final approval hearing.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

This Court is well-familiar with the allegations in this case (and two related cases)[1]—it involves an alleged defect in the HVAC system of millions of Mercedes vehicles that Plaintiffs contend results in mold, mildew, and foul odors, as a result of which owners and lessees paid out of pocket because Mercedes did not cover it under warranty. Now, Plaintiffs and Mercedes-Benz USA, LLC and Daimler AG (jointly "Mercedes") have reached a proposed class action settlement ("Settlement") that reimburses Class Members for past out-of-pocket costs and establishes an enhanced forward-looking warranty to cover these issues if and as they arise in the future. Critically, Class Counsel's attorneys' fees or expenses will not reduce any of these benefits.

With this motion, Plaintiffs submit the proposed Settlement to the Court and respectfully request that the Court (1) grant preliminary approval; (2) direct notice to the Class; (3) appoint Lieff Cabraser Heimann & Bernstein, LLP and Corpus Law Patel, LLC as class counsel; (4) grant Plaintiffs leave to file an amended

---

[1] As detailed below, Plaintiffs are seeking a stay in the two related federal actions and to file an amended complaint here that adds the Plaintiffs and causes of action from those two actions. *See* Jt. Mot. to Stay Case Pending Completion of Settlement Approval, *Bhatt et al. v. Mercedes-Benz USA LLC*, 2:16-cv-3171-TJH-RAO (C.D. Cal. Dec. 20, 2019), ECF No. 106; Stip. and Order, *Biase et al. v. Mercedes-Benz USA, LLC et al.*, 2:18-cv-17128-MCA-MAH (D.N.J. Dec. 20, 2019), ECF No. 31; Ex. B (draft amended complaint).

complaint; and (5) schedule the final approval hearing.

## I.   BACKGROUND AND PROCEDURAL HISTORY

This case involves the alleged faulty design and manufacture, and misleading marketing and sale of the Class Vehicles.  Plaintiffs contend that Mercedes designed HVAC systems that failed to properly drain accumulated condensation, resulting in a mildew smell. Class Members either paid hundreds of dollars to address this alleged defect or are likely to need to do so in the future. Mercedes denies the allegations in the lawsuit and denies it acted improperly or did anything wrong.

This litigation has proceeded in three federal courts. On May 9, 2016, Plaintiff Manan Bhatt and others filed an initial class complaint against Mercedes in the Central District of California (the "*Bhatt* Action"), alleging the pertinent facts on behalf of a California class. On May 11, 2017, Plaintiffs Sunil Amin and Trushar Patel filed the instant action in this District on behalf of a Georgia class. On December 12, 2018, Plaintiff Nicholas Biase and others filed a class action complaint in the District of New Jersey (the "*Biase* Action").

Class Counsel are moving to stay the *Bhatt* and *Biase* Actions pending this Court's consideration of the proposed Settlement. As part of the Settlement, the Parties agreed to Plaintiffs filing a first amended complaint, attached hereto,

adding each claim and named plaintiff from the three lawsuits and Class Vehicles nationwide for purposes of effectuating the Settlement.

These cases have been intensively litigated from inception. Plaintiffs engaged in extensive pre-filing factual investigation, as evidenced by the length and detail of each case's complaint. Class Counsel interviewed Class Vehicle owners, researched online complaints. [2] Further, prior to filing, Plaintiffs consulted leading experts in mechanical engineering and chemistry who inspected vehicles, identified the alleged design defect, and found mold. *Id.* at ¶ 55. Later, Plaintiffs' experts disassembled and analyzed Class Vehicle and competitors' HVAC system designs. *Id.* at ¶ 56.

Mercedes fought vigorously to dismiss these actions in multiple courts, through multiple motions, and Plaintiffs succeeded at each turn. Together this Court and the California court denied four motions to dismiss and two motions to strike. *Id.* at ¶¶ 29, 33, 40, 42. Daimler also refused to accept service (including through their counsel who also represent MBUSA) forcing Plaintiffs to attempt service via the Hague Convention. *Id.* at ¶ 37. Ultimately, Plaintiffs were forced to file a motion for service by alternate means. *Id.* at ¶ 38.

Plaintiffs also conducted extensive discovery. Between September 2017 and

---

[2] Declaration of Jonathan D. Selbin ("Selbin Decl.) ¶ 26.

April 2019, Mercedes made approximately 19 document productions spanning nearly three decades of materials which encompassed the vast majority of the Class Vehicles. *Id.* at ¶ 48. Additionally, Plaintiffs reviewed dense and voluminous database documents, public TSB lists and parts diagrams for Class Vehicles and their competitors. *Id.* at ¶ 51. Plaintiffs also served subpoenas on third-party suppliers. *Id.* at ¶ 52.

In the spring of 2019, the Parties agreed to mediation, and engaged a highly respected and experienced mediator, the Hon. Edward Infante of JAMS. *See* Decl. of Hon. Edward Infante ("Infante Decl."). They prepared lengthy mediation briefs concerning the merits of their claims and defenses, including expert analysis and research on comparable cases. *Id.* ¶ 5.

A full day, in-person mediation in May 2019 ended without agreement, but the Parties agreed to continue mediating—exchanging additional information and having ongoing discussions with each other and with Judge Infante—to narrow the disputed issues. *Id.* In July 2019, the Parties mediated in person again. *Id.* On July 25, 2019, as a result of this intensive information exchange and negotiation the Parties reached an agreement-in-principle and term sheet. Selbin Decl. ¶ 64.

Only after reaching agreement on the terms of relief for the Class did the Parties begin negotiating Class Counsel's attorneys' fees. Infante Decl. ¶ 7. On

September 6, 2019, the Parties accepted Judge Infante's mediator's proposal on fees. Selbin Decl. ¶ 66.

## II.    SUMMARY OF SETTLEMENT TERMS

### A.    THE SETTLEMENT CLASS DEFINITION

The proposed Settlement Class is defined as a nationwide class of all current and former owners and lessees of Mercedes-Benz 2008-19 C-Class, 2010-15 GLK-Class, 2012-17 CLS-Class, 2010-19 E-Class, 2015-19 GLA-Class, 2013-16 GL-Class, 2016-19 GLE-Class, 2017-19 GLS-Class, 2012-15 M-Class, and 2016-19 GLC-Class who purchased or leased their Vehicles in the United States.[3]

### B.    SETTLEMENT CLASS MEMBER BENEFITS

The Settlement provides outstanding benefits to Class members directly responsive to the harm they incurred: reimbursement for qualified past repairs and a forward-looking extended and enhanced warranty to cover qualified future repairs through Authorized Service Centers. None of these payments or benefits will be reduced by Class Counsel's fees or expenses.

The Settlement covers qualified repairs that occur during the first 10 years or 125,000 miles of a Class Vehicle's life. Agmt. § 4. Repairs that occur before the Effective Date are eligible for reimbursement as past repairs; repairs after the

---

[3] Ex. A, Class Action Settlement Agreement ("Agmt.") §1.29.

Effective Date are eligible for coverage as future repairs. *Id.* This structure ensures that every Class Vehicle is covered for the same amount of time or mileage, regardless of where that vehicle currently is in its life cycle.



The percentage of reimbursement or coverage available for a particular repair is on a sliding scale based on the Vehicle age/mileage, as follows:

| Vehicle Age Time Period | Reimbursement/ Coverage Amount |
|---|---|
| Warranty Coverage Period (e.g. the earlier of 4 years from in-service date or 50,000 miles, under standard warranty) | 100% |
| From end of Warranty Coverage Period to the earlier of 8 years from in-service date or 100,000 miles | 70% |
| From end of prior Period to the earlier of 10 years from in-service date or 125,000 miles | 50% |

There is no limit to the number of claims or amount of total money that Mercedes will pay to reimbursed qualified past repairs. *Id.* § 5.1. However, the reimbursable repair cost of a single repair done by an Independent Service Provider (as opposed to an Authorized Service Provider) shall not exceed $300 and, the total reimbursement for Independent repairs shall not exceed $900 per

- 6 -

Vehicle. *Id.* § 9.3. Coverage for qualified future repairs functions like an extended warranty that covers each Vehicle up to 10 years or 125,000 miles.

The Settlement provides a straightforward claim process. Class Members can submit reimbursement claims for Qualified Past Repairs by submitting a Claim Form and supporting documents online or by mail, which the Settlement Administrator will then review to determine eligibility. *Id.* § 9. Class Members can receive Qualified Future Repairs by bringing their Vehicle to an Authorized Service Center, which will determine eligibility and perform the repairs. *Id.* Dispute resolution is available for Class Members who dispute their reimbursements or believe they are wrongfully denied coverage. *Id.*

## III.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 23(e)(2) sets forth the criteria for determining whether a proposed class settlement merits approval. Because the Court must also consider the perspective of the class members who would be bound by a settlement, approval is a three-step process which folds in consideration of class certification.

*First*, the Court must preliminarily determinate whether a settlement satisfies Rule 23(e)(2)'s criteria. Simultaneously, the Court must determine whether it has a basis for concluding that it likely will be able, after the final approval hearing, to

certify the class. *See* Fed. R. Civ. P. 23(e)(1)(B). If the answer to both questions is "yes," the Court proceeds to step two.

*Second*, the Court directs combined[4] notice of the proposed Class and Settlement to class members pursuant to Rules 23(c)(2)(B) and 23(e)(1), which includes a period for class members to object, opt out, or make a claim.

*Third*, after a hearing, the Court may grant final approval of the proposed settlement. Fed. R. Civ. P. 23(e)(2).

## IV.    <u>ARGUMENT</u>

This Settlement meets the standard for preliminary approval, and Plaintiffs establish a basis for certification. Plaintiffs therefore respectfully ask that the Court grant preliminary approval and direct notice to the Class.

### A.    <u>THE SETTLEMENT MERITS APPROVAL.</u>

Rule 23(e)(2) identifies criteria for determining whether to grant preliminary approval of a proposed class settlement and direct notice to the proposed class. The proposed Settlement here satisfies each one.

Amended Rule 23(e)(2) states that a district court should approve a proposed settlement after considering whether:

---

[4] Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment ("Adv. Cmte. Note"), Subdivision (c)(2) ("It is common to send notice to the class simultaneously under both Rule 23(e)(1) and Rule 23(c)(2)(B)[.]").

(A) the class representatives and class counsel have adequately
represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the
    class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorneys' fees, including timing
    of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats Class members equitably relative to each other.

Here, the Settlement merits preliminary approval.

### 1.     The Settlement Was the Result of a Thorough, Informed, Fair Negotiation Process.

Rule 23(e) asks whether "the class representatives and class counsel have

adequately represented the class" and "the proposal was negotiated at arm's

length." Fed. R. Civ. P. 23(e)(2)(A) & (B). It "identif[ies] matters that might be

described as 'procedural' concerns, looking to the conduct of the litigation and of

the negotiations leading up to the proposed settlement." Adv. Cmte. Note.

Procedurally, Class Counsel and the Class Representatives here conducted

themselves in the Class's best interests. They prosecuted this action on behalf of

the Class with vigor and dedication for over three years, beginning in the *Bhatt*

Action. Counsel briefed and defeated five dispositive motions across two cases.

Selbin Decl. ¶¶ 29, 33, 40, 42. Counsel spent an extraordinary amount of time and

resources serving Daimler. *Id.* at ¶¶ 36-39. Plaintiffs were informed about the

strengths (and weaknesses) of their case via discovery and expert consultation.

The Class Representatives were likewise actively engaged—providing Class Counsel with information about their Vehicles, submitting to Vehicle inspections, and providing records about their Vehicle ownership, service, and maintenance.[5] All were consulted on, and support, the Settlement and expressed their continued willingness to protect the Class going forward. Class Rep. Decls. ¶ 4.

The proposed Settlement arises out of four months of serious, informed, and non-collusive negotiations facilitated by an experienced and sophisticated mediator. Infante Decl. ¶¶ 5-11. A settlement process facilitated by a mediator weighs heavily in favor of approval. *See Wilson v. EverBank*, 2016 WL 457011, at *6 (S.D. Fla. Feb. 3, 2016) ("The very fact of [mediator's] involvement—let alone his sworn declaration—weights in favor of approval."); Adv. Cmte. Note ("involvement of a neutral…mediator…in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."). The procedurally fair manner in which this Settlement was reached weighs strongly in favor of granting preliminary approval.

---

[5] *See* Declarations of Manan Bhatt, Nicholas Biase, Trushar Patel, Sunil Amin, Mary Blasco, Rosa Grue, John Dudasik, Todd Basler, and Gail Mahoney (collectively "Class Rep. Decls.").

### 2.    The Settlement Provides Significant Benefits in Exchange for the Compromise of Strong Claims.

Rules 23(e)(2)(C) and (D) require a "'substantive'" review of a proposed settlement. Adv. Cmte. Note. Specifically, Rule 23(e)(2)(C) requires a court to consider whether "the relief provided for the class is adequate, taking into account … the effectiveness of any proposed method of distributing relief to the class, including the method of processing classmember claims" and "the terms of any proposed award of attorneys' fees, including timing of payment." And amended Rule 23(e)(2)(D) considers whether "the proposal treats Class members equitably relative to each other." All these substantive considerations are satisfied here. This comprehensive resolution provides much-needed relief to Class members, addresses what Plaintiffs contend is a long-running problem in the Class Vehicles, and reimburses Class members for incurred costs. *See David v. Am. Suzuki Motor Corp.*, 2010 WL 1628362, at *2 (S.D. Fla. Apr. 15, 2010) (finally approving settlement providing for extended car warranty); *Turner v. Gen. Elec. Co.*, 2006 WL 2620275, at *8 (M.D. Fla. Sept. 13, 2006) (approving settlement providing for extended warranty for moisture-related problems in refrigerators). Class Counsel—experienced class action litigators, consumer advocates, trial lawyers, and auto litigation veterans—support this Settlement, acknowledging the uncertainty in whether the Class could achieve a better outcome through further litigation.

- 11 -

a.   <u>The Settlement Mitigates the Risks, Expenses, and Delays of Continued Litigation.</u>

The Settlement secures significant benefits, even in the face of the inherent uncertainties of litigation. Compromise in exchange for certain and timely relief is an unquestionably reasonable outcome. *See George v. Academy Mort'g Corp. (UT)*, 369 F. Supp. 3d 1356, 1371 (N.D. Ga. 2019) (settlement a "fair compromise" given risks and "certainty of substantial delay").

This case was not without risk. Mercedes chose to fight on every front. After litigating five dispositive motions, Plaintiffs would still need their class certified. Further, Mercedes would challenge Plaintiffs' damages theories and provide their own experts. Even if a class were certified and upheld on appeal, it would face the risk, expense, and delay of trial and potentially lengthy appellate process, further delaying any recovery for years.

Avoiding years of additional litigation in exchange for the immediate certainty of this Settlement is even more compelling because it allows current owners in need of a qualified repair to immediately obtain one rather than paying for it themselves or enduring a moldy car.

b.   <u>The Claims Process Is Straightforward.</u>

The Settlement provides benefits to Class Members via a simple claims process. Each Class Member will receive information about the Settlement via the

- 12 -

proposed Notice Program—specifically, postcard notice sent to all Class Members who shall be located via Vehicle Identification Numbers. Declaration of Jennifer M. Keough ("JND Decl.") ¶ 18.

To get reimbursed for Qualified Past Repairs, Class Members will submit a Claim Form and supporting documents online or by mail. Agmt. § 9.4. After reviewing a claim for completeness and eligibility, the Settlement Administrator will mail a check or send money electronically. *Id.* § 9.9. The Notice Program will also inform Class Members of their eligibility for Qualified Future Repairs and how to get them. *Id.* §§ 8.6, 9.10-9.13.

### c.   Counsel Will Seek Reasonable Fees and Costs.

None of the settlement benefits will be reduced to pay Court-awarded attorneys' fees or costs to Class Counsel. Mercedes will pay fees and costs in addition to Class benefits, a tremendous benefit to Class Members, who otherwise would have to pay out of their Settlement recovery.

That Class Counsel separately negotiated fees only *after* all material terms of the Settlement were agreed upon further supports the Settlement. *See Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) (finding that settlement not collusive where "the fee was negotiated separately from the rest of the settlement, and only after substantial components of the class settlement had been

resolved"); *In re Progressive Ins. Corp. Underwriting & Rating Practices Litig.*,
2008 WL 11348505, at *2 (N.D. Fla. Oct. 1, 2008). Class Counsel will file their
fees and costs motion within 30 days following the Preliminary Approval Order, so
it is available to the Class on-line before the objection/opt-out deadline.

### 3.    The Settlement Treats Class Members Equitably.

Finally, Rule 23(e)(2)(D) states that a court should consider whether "the
proposal treats Class members equitably relative to each other." The Settlement
fairly and reasonably allocates benefits among Class Members—specifically those
who have already paid out-of-pocket costs and those who are eligible for future
repairs—without preferential treatment of Class Representatives or segments of the
Class. It provides the same durational period of coverage for every Vehicle (10
years or 125,000 miles) and the same sliding scale of reimbursement or coverage
percentage based on the age/mileage of the Vehicle. Courts have approved
similarly structured settlements concerning automobile defects. *See, e.g.*, *Sadowska
v. Volkswagen Grp. of Am., Inc.*, 2013 WL 9600948, at *6 (C.D. Cal. Sept. 25,
2013) (approving settlement with different eligibility requirements for an extended
warranty depending on age of car); *Alin v. Honda Motor Co., Ltd.*, 2012 WL
8751045, at *3 (D.N.J. Apr. 13, 2012) (approving settlement with different
coverage for air condition defect depending on time period/mileage of vehicle).

Class Counsel intend to request service awards for the Class Representatives, to be paid by Mercedes in addition to Class compensation. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred." *In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019). No Class Representative was promised, nor conditioned their representation on the expectation of, a service award. *See* Class Rep. Decls. ¶ 6. Each spent significant time making their vehicles available for inspection, providing information to Class Counsel, and considering and blessing this Settlement. *Id.* ¶ 4. Given this significant commitment, service awards are particularly appropriate here.

### 4.    There Are No Undisclosed Side Agreements.

Amended Rule 23(e)(3) requires the parties to "file a statement identifying any agreement made in connection with the proposal." Here there are none.

### B.    THE COURT WILL BE ABLE TO CERTIFY THE CLASS.

Where a class has not been certified prior to settlement, the Court must also consider the prospect of class certification in determining whether to direct notice to the class. *See, e.g., Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 553 (N.D. Ga. 2007) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)) ("In order to certify the settlement class, the Court must examine

- 15 -

whether the settlement class complies with Rule 23…[and] engage in an independent analysis to determine whether plaintiffs' proposed settlement class complies with Rule 23(a) and (b)."). While the ultimate decision on class certification is not made until the final approval hearing, at the preliminary approval stage the parties must nevertheless "ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Adv. Cmte. Note. To be certified, a class must meet all of Rule 23(a)'s requirements and the requirements of one subsection of 23(b). The Class readily satisfies both requirements and certification should be granted. *See Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 542 (S.D. Fla. 2015) (certifying class based on uniform auto defect with exhaust from vehicles).

### 1.    The Class Meets the Requirements of Rule 23(a).

#### a.    The Class is Sufficiently Numerous.

Rule 23(a)(1) is satisfied where, as here, "the class is so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity is generally satisfied when the class exceeds 40 members. *See, e.g.*, *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). Over 2.5 million Class Vehicles were sold and leased nationwide and the Class—which includes current and former owners and lessees of these Vehicles—includes

millions of persons. Selbin Decl. ¶ 26. Numerosity is satisfied.

  **b. <u>There Are Common Questions of Law and Fact.</u>**

  "To satisfy the commonality requirement, Plaintiffs must show that questions of law or fact are common to the entire class." *Melanie K. v. Horton*, 2015 WL 1308368, at \*4 (N.D. Ga. Mar. 23, 2015). "Commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1354 (11th Cir. 2009).

  The "commonality element is generally satisfied when a plaintiff alleges that Defendants have engaged in a standardized course of conduct that affects all class members." *In re Checking Account Overdraft Litig.*, 307 F.R.D. 656, 668 (S.D. Fla. 2015). Here, the Class's claims are rooted in common questions of fact as to Class Vehicles' alleged common defect and Mercedes's alleged omissions regarding their HVAC systems and the alleged design defect. *See* Proposed Am. Compl. ¶¶ 139-169. These common questions will, in turn, generate common answers "apt to drive the resolution of the litigation" for the Class as a whole. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 681 (S.D. Fla. 2009) ("critical issue of whether the [airbag occupant classification system] in [class vehicles] was defective is common

- 17 -

to all putative class members").

  **c. <u>The Class Representatives' Claims Are Typical.</u>**

  Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defense of the class." *Williams v. Wells Fargo Bank*, 280 F.R.D. 665, 672-73 (S.D. Fla. 2012). A "representative's plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and his or her claims are based on the same legal theory." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 690 (N.D. Ga. 2003).

  Here, the same course of conduct injured the Class Representatives and the other Class Members, and in the same way. The Class Representatives, like other Class Members, purchased or leased their Class Vehicles without knowing the truth about their HVAC systems. Proposed Am. Compl. ¶¶ 13-101; *see also Rosen*, 270 F.R.D. at 682 (plaintiff typical because he alleges same car defect as rest of class). Like all Class Members, the Class Representatives expected their Class Vehicles to be free from defects and not emit foul odors. Proposed Am. Compl. ¶¶ 13-101. And finally, the Class Representatives and Class Members will similarly—and equitably—benefit from the Settlement. Typicality is satisfied.

  **d. <u>The Class Representatives and Class Counsel Are More Than Adequate.</u>**

- 18 -

Where, as here, "the representative parties will fairly and adequately protect the interests of the class," Rule 23(a)(4) is met. "To adequately represent a class, a named plaintiff must show that she possesses the integrity and personal characteristics necessary to act in a fiduciary role representing the interesting of the class, and has no interest antagonistic to the interests of the class." *Sanchez-Knutson*, 310 F.R.D. at 540. Here, the Class Representatives demonstrated that they are familiar with the facts of this case and understand their duties and fiduciary obligations. Class Rep. Decls. ¶ 5. Further, the Class Representatives have no interests antagonistic to Class Members and will continue to vigorously protect the Class, as they have throughout this litigation.

Rule 23(g) requires this Court to appoint class counsel to represent the Class. The undersigned undertook an enormous amount of work, effort, and expense in bringing and litigating these cases and demonstrated their willingness to devote whatever resources were necessary. *See* Selbin Decl. ¶¶ 24-69; Declaration of Ketan Patel ¶¶ 14-19. They are experienced and well-qualified class action and vehicle defect litigators.  They respectfully request appointment as Settlement Class Counsel under Rule 23(g)(3), and confirmed under 23(g)(1) upon final approval.

### 2. The Class Meets Rule 23(b)(3)'s Requirements.

Here, (i) "questions of law or fact common to class members predominate over any questions affecting only individual members"; and (ii) a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### a. Common Issues of Law and Fact Predominate.

"The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). The predominance requirement is satisfied if common issues have a "direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016). At all times, "efficiency is the overriding, textually-mandated concern." *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 645 (S.D. Fla. 2015).

The Eleventh Circuit favors class treatment of omission and fraud claims stemming from a "common course" of conduct. *Id.* "Predominance is 'a test readily met in certain cases alleging consumer fraud,' particularly where…uniform

practices and misrepresentations give rise to the controversy." *Id.* (quoting *Amchem*, 521 U.S. at 625).

Here, too, questions of law and fact common to the claims of Class Members predominate over any questions affecting only individual members. Specifically, Plaintiffs contend that discovery has confirmed that (1) the Class Vehicles' HVAC systems are defective; (2) that defect is common across Class Vehicles; (3) Mercedes knew this; and (4) Mercedes's omission of material fact about the defect was likely to deceive a reasonable consumer. Selbin Decl. ¶ 54. Plaintiffs also contend that its expert testing revealed that the alleged design defect exists in all Class Vehicles and that discovery has shown statistically significant numbers of customer complaints for each vehicle. *Id.* Further, internal documents show Mercedes's knowledge and its failure to inform customers of the defect. *Id.* Predominance is satisfied.

### b.   Class Treatment Is Superior.

Superiority looks to the "relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004). Under Rule 23(b)(3), the Court considers a "non exhaustive list of four factors" in making its superiority determination:  "(A) the interests of members of the class in individually

controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." *Id*.

Each factor augurs in favor of certification here. First, there is no evidence of the first factor. Second, there is only one other lawsuit concerning the Defect— *Arakelian v. Mercedes-Benz USA LLC*, 2:17-cv-6240 (C.D. Cal.). That action has been stayed pending the *Bhatt* Action. Third, this Court has been ably handling this litigation and is fully capable of handling actions involving defendants based in its District. The final factor, manageability, does not apply here. *Amchem Prods.*, 521 U.S. at 620 ("a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there will be no trial.").

The damages sought by each Class Member are small relative to the cost of prosecuting an individual claim. *See Monroe Cnty. Empls.' Ret. Sys. v. S. Co.*, 2019 WL 3956139, at *27 (N.D. Ga. Aug. 22, 2019) (superiority met where "amount of individual damages is likely to be relatively small). That is especially true given the expert-intensive nature of the evidence here.

Class resolution is also superior from an efficiency and resource perspective. *See Mohamed v. Am. Motor Co., LLC*, 320 F.R.D. 301, 317 (S.D. Fla. 2017) ("issues involved in Plaintiff's claim and the allegations he uses to support same would be, for all intents and purposes, identical to those raised in individual suits brought by any of the members of the modified class."). Superiority is met.

## C.    <u>THE PROPOSED NOTICE IS THE BEST PRACTICABLE.</u>

Rule 23(e)(1) requires that before a proposed settlement may be approved, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." To satisfy due process, notice must "reach the parties affected" and "convey the required information." *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285-86 (11th Cir. 2007). For a Rule 23(b)(3) settlement class, the Court must "direct to class members the best notice that is practicable under the circumstances…." Fed. R. Civ. P. 23(c)(2)(B).

The proposed notice program meets these standards. The Parties created this proposed notice program—including the content and the distribution plan—with JND, an experienced firm specializing in comprehensive noticed settlement management in complex class litigation. JND Decl. ¶ 3. It includes a mailed notice and a comprehensive Settlement Website (www.mercedeshvacsettlement.com), that meets Rule 23's requirements.

The Notice is designed to explain Class Members' rights and obligations in plain language in English and Spanish. It includes an overview of the litigation; an explanation of the Settlement benefits and how to claim them; contact information for Class Counsel; the address of the comprehensive Settlement Website that will house links to key filings; and instructions on how to object or opt out. The principal method of reaching Class Members will be through individual postcard notices by U.S. first class mail to all readily identifiable Class Members. JND Decl. ¶ 13. This Notice Plan comports with accepted standards and with this District's Procedural Guidance regarding notice and opt-outs.

### D.  PROPOSED SCHEDULE FOR NOTICE AND APPROVAL.

In connection with preliminary approval, Plaintiffs request that the Court set a schedule for disseminating notice and a Final Approval Hearing. As set forth in their Notice Plan, Plaintiffs propose the following:

| Event | Deadline |
|---|---|
| Notice mailed to Class Members ("Notice Date") | 60 days after Court enters the Preliminary Approval Order |
| Settlement website available to Class Members | 60 days after Court enters the Preliminary Approval Order |
| Deadline to Object to or Opt Out of Settlement | 75 days after Notice Date |
| Last day to file Motion for Final Approval of Settlement | 35 calendar days before the Final Approval Hearing |
| Final Approval Hearing | At least 180 days after entry of Preliminary Approval Order |

This schedule is similar to those used in other class settlements and provides due process to Class Members.

## V.    LEAVE TO AMEND COMPLAINT SHOULD BE GRANTED.

Pursuant to Rule 15, Plaintiffs seek leave to file an amended complaint on behalf of a nationwide class to effectuate the Settlement. A party may amend its pleading with "the court's leave" and "the court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Mercedes does not oppose this motion. Agmt. § 7.3. The amended complaint seeks to add: (1) the plaintiffs in the *Bhatt* Action and *Biase* Actions; (2) the causes of action in those two actions; and (3) a nationwide class. I will ensure that the released claims are properly framed by the operative pleadings. However, the Joint Preliminary Report and Discovery Plan, Dkt. 21, has a pleading amendment deadline of September 16, 2017. In light of the Settlement, which finally resolves all three actions, good cause exists. *See Barron v. Snyder's-Lance, Inc.*, 2016 WL 3913571, at *1 (S.D. Fla. Feb. 12, 2016).

## VI.    CONCLUSION

Plaintiffs respectfully request that the Court (1) grant preliminary approval; (2) direct notice to the Class; (3) appoint Lieff Cabraser Heimann & Bernstein, LLP and Corpus Law Patel, LLC as class counsel; (4) grant Plaintiffs leave to file an amended complaint; and (5) schedule the final approval hearing.

Dated: December 20, 2019             Respectfully submitted,

                                     By: /s/ Ketan A. Patel
                                         Ketan A. Patel

                                     Ketan A. Patel (State Bar Number 121099)
                                     kp@personalinjury-ga.com
                                     CORPUS LAW PATEL, LLC
                                     P.O. Box 724713
                                     Atlanta, Georgia 31139
                                     Telephone: (678) 597-8020
                                     Facsimile: (678) 826-4700

                                     Jonathan D. Selbin (admitted *pro hac vice*)
                                     jselbin@lchb.com
                                     Annika K. Martin (admitted *pro hac vice*)
                                     akmartin@lchb.com
                                     Sean A. Petterson (*pro hac vice* pending)
                                     spetterson@lchb.com
                                     LIEFF CABRASER HEIMANN &
                                     BERNSTEIN, LLP
                                     250 Hudson Street, 8th Floor
                                     New York, NY 10013-1413
                                     Telephone: (212) 355-9500
                                     Facsimile: (212) 355-9592

                                     *Attorneys for Plaintiffs and the Proposed
                                     Class*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 5.1C, I hereby certify that this brief was prepared using 14 point Times New Roman font with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

Dated: December 20, 2019         Respectfully submitted.

By: /s/ Annika K. Martin
      Annika K. Martin

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

By: /s/ Annika K. Martin
     Annika K. Martin