# Exhibit 3 – "Declaration of Hon. Edward A. Infante"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| SUNIL AMIN and TRUSHAR PATEL, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, and DAIMLER AG,<br><br>        Defendants. | Case No. 1:17-cv-01701-AT<br><br>**DECLARATION OF MEDIATOR AND FORMER UNITED STATES DISTRICT COURT JUDGE EDWARD A. INFANTE IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT** |

I, Edward A. Infante, declare as follows:

1.      I am the mediator in this action. I submit this declaration in support of preliminary approval of the proposed class action settlement between the proposed Settlement Class and Mercedes-Benz USA, LLC, and Daimler AG.

2.      At the request of the parties, I conducted an extensive mediation over the course of several months that produced the proposed settlement that I understand is now being presented to the Court for preliminary approval. The parties negotiated much of this settlement with my supervision.  The settlement discussions were vigorous, at arm's length, and in good faith. Based on my extensive experience as a mediator and former judge, my detailed discussions with the parties, and the information made available to me during the mediation, I believe that the proposed

- 1 -

settlement represents a fair and reasonable settlement given the substantial risks involved for both sides. Without waiver of the mediation privilege, I describe below the reasons for my view.

### A.    Qualifications and Experience

3.      I am currently a JAMS neutral, and formerly a chief magistrate judge of the U.S. District Court, Northern District of California. In my more than 35 years of dispute resolution experience, I have become known for successfully resolving complex disputes, with particular expertise in business litigation, employment, intellectual property, securities, and antitrust cases.

4.      I have successfully resolved numerous class actions involving everything from shareholders' rights to data breaches to Telephone Consumer Protection Act (TCPA) matters to false advertising and product liability cases. While on the bench, I presided over hundreds of settlement conferences in complex business disputes and class actions. I have been appointed as a Special Master by numerous federal courts in complex civil proceedings. It is not uncommon for me to settle billions of dollars of disputes on an annual basis. It is my understanding that I was selected by the parties to mediate this important matter in part because of my extensive experience resolving complex disputes of this kind.

**B.**   **The Mediation Process**

5.      Under my supervision, the parties engaged in arm's length, vigorous negotiations over the course of approximately four months.  I conducted two in-person mediation sessions, which included meetings with both sides present, as well as many separate caucus sessions where I met only with one side or the other. I also engaged in telephonic follow-up calls with each party to address issues that were discussed but not resolved in the initial mediation sessions. In addition, counsel for the parties conducted extensive negotiations outside my presence pursuant to requests that I gave to them. I dedicated considerable time to the joint mediation sessions as well as discussions with the parties outside these formal sessions.

6.      Throughout the process, the parties asserted their respective positions emphatically and persuasively. On occasion, the negotiations were contentious (although both sides were always professional).

7.      The parties originally focused their negotiations on the compensation for class members. Plaintiffs' counsel made clear that they would not discuss or negotiate attorneys' fees and costs until an agreement was reached on the amount of the compensation to the class.  In fact, it was not until after the parties reached agreement on the amount of the settlement fund did the parties discuss attorneys' fees and costs.

8.      The parties were each represented by highly experienced, effective and aggressive counsel who were steeped in the facts of the case and the applicable law. I

- 3 -

was satisfied throughout the negotiations that the parties' positions were thoroughly explored and advanced. These counsel presented an impressive array of legal experience, talent, and judgment.

9.    During the course of the mediation and at my request, the parties made multiple presentations regarding their positions on various factual and legal issues. The in-person mediation sessions involved extensive discussions of the strengths and weaknesses of the parties' positions and of possible settlement structures.

10.    As would be expected, the proposed terms of the settlement changed over time. Although the parties shared a common goal, they repeatedly proposed different visions of how to achieve that goal. Throughout the mediation process, I worked constructively with counsel for both parties and suggested they consider possible compromises and solutions.

11.    Plaintiffs' counsel zealously represented the proposed class at every step throughout the mediation process. They made clear they were prepared to litigate and try this case if they could not achieve a fair and reasonable settlement result for the proposed class, even though pursuing litigation would risk losing any chance to be compensated for the significant time, effort and money they had invested to date.

### C.    The Fairness and Adequacy of the Proposed Settlement

12.    The negotiated settlement produced by the mediation process, as reflected in the parties' proposed settlement agreement, represents a thoughtful,

1858302.2

deliberative, and comprehensive settlement that will benefit thousands of current and former Mercedes owners and lessees.

13.     Based upon my extensive experience in this case and other complex actions, I believe that the settlement benefits provided to the class members as described above are fair and reasonable in light of the parties' claims and defenses, and the expense, uncertainty and time inherent in litigating the class members' claims to judgment. In particular, it is my considered judgment that Plaintiffs would be unlikely to have obtained more money and benefits without going through years of discovery and trial, where they would face substantial risks of a less favorable outcome. The costs and uncertainty of litigation would not end with a trial court judgment, as the losing party likely would appeal, resulting in years of appellate proceedings before any judgment would be finalized.

## Conclusion

For all the reasons set forth above, the proposed settlement of this litigation was the result of a fair, vigorous, and arm's length mediated negotiation process. The settlement itself is, in my judgment, fair and reasonable to the proposed class members, given the risks of these litigations and the cost and complexity of trying them to judgment.  I therefore support Plaintiffs' motion for preliminary approval of the proposed settlement.

I declare that the foregoing is true and correct.

1858302.2

Executed this 25th day of November, 2019.


EDWARD A. INFANTE
Former United States Magistrate Judge

1858302.2