# <u>EXHIBIT A</u>

2040492.1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

## TABLE OF CONTENTS

**Page**

1.   DEFINITIONS ................................................................................................1

2.   DENIAL OF ANY WRONGDOING AND LIABILITY ..................................5

3.   BACKGROUND ..............................................................................................6

4.   CONSIDERATION TO THE CLASS ............................................................7

     A.   Reimbursement for Qualified Past Repairs .........................................7

     B.   Coverage for Qualified Future Repairs ................................................8

5.   PAYMENTS BY DEFENDANTS .................................................................10

6.   RELEASE .......................................................................................................12

7.   APPROVAL OF THE SETTLEMENT; JUDGMENT AS TO DEFENDANTS ............15

8.   SETTLEMENT ADMINISTRATION AND NOTICE ..................................16

9.   CLAIMS ADMINISTRATION AND CLAIMS PROCEDURES ..................20

     A.   Reimbursement Claims for Qualified Past Repairs .............................20

     B.   Coverage Claims for Qualified Future Repairs ...................................23

10.  DISPUTE RESOLUTION ..............................................................................25

11.  TAXES ...........................................................................................................26

12.  MISCELLANEOUS TERMS ..........................................................................26

2040492.1

This Agreement is made and entered into by and between Sunil Amin, Trushar Patel, Manan Bhatt, Mary Blasco, Nicholas Biase, Rosa Grue, John Dudasik, Todd Basler, and Gail Mahoney ("Plaintiffs"), on the one hand, and Defendants Daimler AG and Mercedes-Benz USA, LLC ("MBUSA") (collectively, "Defendants"), on the other hand, to settle, compromise, release, and discharge the claims on behalf of Plaintiffs and all those similarly situated according to the terms and conditions herein.

1.    **DEFINITIONS**

As used in this Agreement (which, as defined below, includes the accompanying Exhibits), the following terms have the meanings set forth below. The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

1.1    "Agreement" means this Class Action Settlement Agreement and Release, including the notices and other documents contemplated by this Class Action Settlement Agreement and Release, and any amendments thereto. The Agreement may alternatively be referred to as the "Settlement."

1.2    "Administrative Costs" means all of the costs of the Notice Plan relating to this Settlement and the costs of administering and processing claims, disbursements of consideration, and other necessary and reasonable costs associated with administering this Settlement, including the compensation of the Settlement Administrator and the Third Party Neutral. Administrative Costs shall be paid by Defendants.

1.3    "Attorneys' Fees and Costs" means the amounts approved by the Court for payment by Defendants to Class Counsel to cover attorneys' fees and costs incurred by Class Counsel in this Litigation. Defendants are not responsible for any other expenses incurred by Class Counsel, including but not limited to any costs and expenses of addressing objections, appeals, or any claims by other plaintiffs' counsel for attorneys' fees or costs.

1.4    "Authorized Service Center" means any service center specifically authorized at

the time of repair to provide warranty services for Mercedes-Benz vehicles. Current service centers are identifiable by ZIP code at https://www.mbusa.com/mercedes/dealers/schedule service.

1.5    "Claims Period" means the time during which Settlement Class Members may submit a Reimbursement Claim Form under the Settlement, and which is set forth in Section 9.5 of this Agreement.

1.6    "Class Counsel" means Lieff Cabraser Heimann & Bernstein, LLP and Corpus Law Patel, LLC and their successors and assigns.

1.7    1.7 "Class Notice" means the Court-approved notice to the Settlement Class. Together with the Settlement Administrator, the Settling Parties will cooperate to develop a proposed plain-English and user-friendly Class Notice to submit to the Court for its approval with the motion for preliminary approval.

1.8    "Class Representative Service Award" means a payment, to be approved by the Court, to Plaintiffs in their capacity as class representatives to compensate them for their work on behalf of the Settlement Class, including participating in the Litigation, performing work in support of the Litigation, and undertaking the risks of Litigation.

1.9    "Court" means the Honorable Amy Totenberg of the United States District Court for the Northern District of Georgia, or the Judge of the Northern District of Georgia assigned to preside over the above-captioned action if not Judge Totenberg.

1.10    "Defense Counsel" means Defendants' counsel of record in the Litigation, Troy M. Yoshino, Eric J. Knapp, and Scott J. Carr of Squire Patton Boggs (US) LLP, and Stephen B. Devereaux and Madison H. Kitchens of King & Spalding LLP.

1.11    "Effective Date" means the date on which any Final Order and Judgment entered pursuant to the Agreement becomes "final." The Final Order and Judgment entered pursuant to this Agreement becomes "final" on the day after all appellate rights with respect to that Final Order and Judgment have expired or have been exhausted in a manner that conclusively affirms the Final Order and Judgment.

1.12    "Final Order and Judgment" means the order and judgment of the Court dismissing this matter with prejudice as to Defendants and approving this Agreement.

1.13    "Independent Service Provider" means any vehicle repair service provider other than an Authorized Service Center.

1.14    "Litigation" means *Amin et al. v. Mercedes-Benz USA, LLC et al.*, Case No. 17CV-01701-AT (N.D. Ga.), pending in the United States District Court for the Northern District of Georgia; *Bhatt et al. v. Mercedes-Benz USA, LLC et al.*, Case No. 16-CV-03171-TJH-RAO (C.D. Cal.), pending in the United States District Court for the Central District of California; and *Biase et al. v. Mercedes-Benz USA, LLC et al.*, Case No. 18-CV-17128-MCA-MAH (D. N.J.), pending in the United States District Court for the District of New Jersey.

1.15    "Litigation Claims" means the claims asserted by Plaintiffs in the three actions constituting this Litigation.

1.16    "Notice Date" means the date on which Class Notice is sent to the Settlement Class.

1.17    "Notice Plan" means the plan for disseminating Class Notice pursuant to Fed. R. Civ. P. 23(c)(2)(B) and the Class Action Fairness Act (28 U.S.C. § 1715), as described in Section 8 below. Along with the motion for preliminary approval, the proposed Settlement Administrator shall file a declaration describing in detail the Notice Plan.

1.18    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

1.19    "Plaintiffs" means Sunil Amin, Trushar Patel, Manan Bhatt, Mary Blasco, Nicholas Biase, Rosa Grue, John Dudasik, Todd Basler, and Gail Mahoney.

1.20    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that Class Notice be provided to the

Settlement Class. The Settling Parties will submit an agreed-upon proposed Preliminary Approval Order to the Court along with the motion for preliminary approval.

1.21    "Qualified Future Repair" means any repair to clean the Subject Vehicle's evaporator and/or replace the filter, that is performed at an Authorized Service Center on or after the Effective Date, after the requirements of Sections 4.B and 9.B have been met.

1.22    "Qualified Past Repair" means a repair that occurred before the Effective Date related to a customer complaint of moldy, mildew-y, or similar odor emanating from the Subject Vehicle's HVAC system, including cleaning the evaporator (e.g. flushing, Wynn, Contra-Sept, and any other cleaning methods or services) and replacing the filter. Evaporator replacement is included as a Qualified Past Repair only if the replacement was done at an Authorized Service Center.

1.23    "Reimbursement Claim Form" means the Court-approved claim form that must be timely completed and submitted for a Settlement Class Member to be eligible for reimbursement for Qualified Past Repair(s), as set forth in Section 9.A of this Agreement. A copy of the Reimbursement Claim Form will be available on and can be submitted via the settlement website. Together with the Settlement Administrator, the Settling Parties will cooperate to develop a proposed plain-English and user-friendly Reimbursement Claim Form to submit to the Court for its approval with the motion for preliminary approval.

1.24    "Settlement Administrator" means JND Legal Administration Co., the qualified third-party jointly selected and overseen by the Settling Parties and appointed by the Court to administer the Settlement, including implementation of the Notice Plan and claims administration.

1.25    "Settlement Class" means all current and former owners and lessees of Subject Vehicles who purchased or leased their Subject Vehicles in the United States. Excluded from the Settlement Class are:

    a)    Persons who have settled with, released, or otherwise had claims adjudicated on the merits against Defendants arising from the same core

allegations or circumstances as the Litigation Claims, except that such persons shall remain eligible to receive Qualified Future Repairs and reimbursement for Qualified Past Repairs (both subject to applicable limitations and proof requirements) occurring after the date of such settlement, release, or adjudication on the merits;

b)    Employees of Defendants; and

c)    The Honorable Terry J. Hatter, Jr., the Honorable Rozella A. Oliver, the Honorable Amy Totenberg, the Honorable Madeline Cox Arleo, the Honorable Michael A. Hammer, and members of their respective families.

1.26    "Settlement Class Member" means any Person who falls within the definition of the Settlement Class who has not timely and properly elected to opt out pursuant to Section 8.11 below.

1.27    "Settling Parties" means, collectively, Plaintiffs, all Settlement Class Members, and Defendants.

1.28    "Third-Party Neutral" means the mutually acceptable neutral who shall be responsible for adjudicating disputes over Settlement claims, as described in Section 9.8 below.

1.29    "Subject Vehicle" means a Mercedes-Benz 204 and 205 C-Class (model years 2008-2019), 204 GLK-Class (model years 2010-2015), 218 CLS-Class (model years 2012-2017), 207, 212 and 213 E-Class (model years 2010-2019), 156 GLA-Class (model years 2015-2019), 166 GL-Class (model years 2013-2016), 166 GLE-Class (model years 2016-2019), 166 GLS-Class (model years 2017-2019), 166 M-Class (model years 2012-2015), or 253 GLC-Class (model years 2016-2019) vehicle.

## 2.    DENIAL OF ANY WRONGDOING AND LIABILITY

2.1    Defendants deny the material factual allegations and legal claims asserted by the Plaintiffs and Settlement Class Members in the Litigation, including, but not limited to, any and all charges of wrongdoing or liability, or allegations of defect, arising out of any of the conduct,

2040492.1

statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

3.    **<u>BACKGROUND</u>**

3.1    On May 9, 2016, a class action complaint, *Bhatt et al. v. Mercedes-Benz USA, LLC et al.*, was filed by Plaintiffs Bhatt, Amin, Patel, and former plaintiff Lisa Ruh against MBUSA in the United States District Court for the Central District of California alleging, on behalf of a putative California class, that the HVAC systems in certain Mercedes-Benz vehicles are claimed defective in that, during normal and expected conditions, the HVAC System fails to properly evaporate or drain the condensation that accumulates within the system, creating a moist, hospitable environment for the growth of bacteria, fungus, mold, and spores, which then are blown into the passenger cabin when the HVAC System is in use.

3.2    On March 9, 2017, the court in *Bhatt* dismissed without prejudice the claims of Plaintiffs Amin and Patel on grounds of misjoinder. On May 11, 2017, Plaintiffs Amin and Patel filed the *Amin* action against Defendants in the United States District Court for the Northern District of Georgia alleging, on behalf of a putative Georgia class, the same alleged HVAC system defect asserted in *Bhatt*.

3.3    On July 14, 2017, Lisa Ruh voluntarily dismissed her claims in *Bhatt* without prejudice. That same day, an amended complaint was filed in *Bhatt* adding Daimler AG as a defendant and Plaintiff Blasco as an additional named plaintiff and putative class representative.

3.4    On December 12, 2018, Plaintiffs Biase, Grue, Dudasik, Basler, and Mahoney filed the *Biase* action in the United States District Court for the District of New Jersey against Defendants alleging, on behalf of a putative nationwide class excepting California and Georgia, the same alleged HVAC system defect asserted in *Bhatt* and *Amin*.

3.5    During the course of the Litigation, the parties and their counsel have litigated numerous dispositive motions and conducted discovery, including written discovery and document productions. The parties have litigated their respective positions in connection with all aspects of the Litigation.

3.6    As a result of the Litigation, the Settling Parties and their counsel are thoroughly familiar with the factual and legal issues presented by their respective claims and defenses and recognize the uncertainties as to the ultimate outcome of the Litigation, and that any final result would require years of further complex litigation and substantial expense.

3.7    The Settling Parties agreed to mediate the case with the Honorable Edward Infante (Ret.). After multiple mediation sessions, the Settling Parties reached agreement on the material terms of a class action settlement; there was no discussion of attorneys' fees or incentive awards for Plaintiffs until a term sheet was executed setting forth all material terms of the class action settlement. Thereafter, the Settling Parties participated in additional negotiations and reached an agreement on Attorneys' Fees and Costs, and the Class Representative Service Award for Plaintiffs to be paid by Defendants to Class Counsel subject to Court approval. After further negotiations, all terms of the agreement were eventually reduced to this writing.

3.8    This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended to be construed as an admission by Defendants that the Litigation Claims have merit or that Defendants bear any liability to Plaintiffs or the Settlement Class on the Litigation Claims, or as an admission by Plaintiffs that Defendants' defenses in the Litigation have merit.

4.    **CONSIDERATION TO THE CLASS**

    A.    **Reimbursement for Qualified Past Repairs**

4.2    Settlement Class Members shall be entitled to submit claims for reimbursement of out-of-pocket costs paid by them for Qualified Past Repairs to their Subject Vehicles, subject to the applicable requirements of Section 9.A below.

4.3    Reimbursements of Qualified Past Repairs will vary depending on the time Period during which the Qualified Past Repair occurred, as follows:

        4.3.1    Period One is defined as the time period during which the Subject Vehicle had or has fewer than 4 years or 50,000 miles from the Subject Vehicle's original in-service date,

whichever occurred first, or otherwise had or has full coverage for a Qualified Past Repair under another warranty. For Qualified Past Repairs that occurred during Period One, a Settlement Class Member whose claim complies with the applicable requirements of Section 9.A below shall receive reimbursement of 100% of the cost of the Qualified Past Repair.

       4.3.2    Period Two is defined as the time period from the end of Period One until the Subject Vehicle had or has fewer than 8 years or 100,000 miles from the Subject Vehicle's original in-service date, whichever occurred first. For Qualified Past Repairs that occurred during Period Two and exceeded any warranty/extended warranty coverage, a Settlement Class Member whose claim complies with the applicable requirements of Section 9.A below shall receive reimbursement of 70% of the cost of the Qualified Past Repair.

       4.3.3    Period Three is defined as the time period from the end of Period Two until the Subject Vehicle had or has fewer than 10 years or 125,000 miles from the Subject Vehicle's original in-service date, whichever occurred first. For Qualified Past Repairs that occurred during Period Three, a Settlement Class Member whose claim complies with the applicable requirements of Section 9.A below shall receive reimbursement of 50% of the cost of the Qualified Past Repair.

       4.3.4    Qualified Past Repairs that occurred after the end of Period Three (i.e. more than 10 years or 125,000 miles from the Subject Vehicle's original in-service date, whichever occurred first) are not eligible for reimbursement.

       4.3.5    There shall be no double recovery under the Settlement. Thus, if a Settlement Class Member previously received from Defendants or an Authorized Service Center goodwill, extended warranty coverage, insurance, indemnity, or any other form of coverage from Defendants or an Authorized Service Center for the Qualified Past Repair, the total amount of any reimbursement due to the Settlement Class Member shall be offset against prior amounts given.

**B.    Coverage for Qualified Future Repairs**

4.4    For current owners and lessees, commencing on the Effective Date, Defendants

will provide coverage of all or part of the cost of Qualified Future Repairs, subject to the requirements of Section 9.B below.

      4.5     Coverage of Qualified Future Repairs will vary depending on the time Period during which the Qualified Future Repair is occurring, as follows:

      4.5.1    Period One is defined as the time period during which the Subject Vehicle has fewer than 4 years or 50,000 miles from the Subject Vehicle's original in-service date, whichever occurs first, or otherwise has full coverage for a Qualified Future Repair under another warranty. For Qualified Future Repairs that occur during Period One, a Settlement Class Member whose claim complies with the applicable requirements of Section 9.B below shall be covered for 100% of the cost of the Qualified Future Repair.

      4.5.2    Period Two is defined as the time period from the end of Period One until the Subject Vehicle has fewer than 8 years or 100,000 miles from the Subject Vehicle's original in-service date, whichever occurs first. For Qualified Future Repairs that occur during Period Two and exceed any warranty/extended warranty coverage, a Settlement Class Member whose claim complies with the applicable requirements of Section 9.B below shall be covered for 70% of the cost of the Qualified Future Repair.

      4.5.3    Period Three is defined as the time period from the end of Period Two until the Subject Vehicle has fewer than 10 years or 125,000 miles from the Subject Vehicle's original in-service date, whichever occurs first. For Qualified Future Repairs that occur during Period Three, a Settlement Class Member whose claim complies with the applicable requirements of Section 9.B below shall be covered for 50% of the cost of the Qualified Future Repair.

      4.5.4    There will be no coverage for Qualified Future Repairs that occur after the end of Period Three (i.e. more than 10 years or 125,000 miles from the Subject Vehicle's original in-service date, whichever occurs first).

5.     **PAYMENTS BY DEFENDANTS**

5.1     **To Settlement Class Members Submitting Claims:** Defendants agree to reimburse Settlement Class Members for their out-of-pocket costs paid for Qualified Past Repairs as detailed in Section 4.A above, subject to the claim requirements described in Section 9**.**A below. There is no cap on the cumulative amount Defendants will pay for all Reimbursement Claims. Settlement Class Members may elect to receive payment by check or by electronic payment (*e.g.* Venmo or PayPal) in a form agreed to by the Settling Parties.

5.2     **To Plaintiffs:** Plaintiffs, through Class Counsel, will seek the Court's approval, as part of its motion for final approval of the Agreement, of an amount not to exceed $40,000 in total for Class Representative Service Awards. Payments made pursuant to this Section shall be made within twenty (20) business days of the Effective Date, care of Class Counsel, who shall distribute the entire amount among Plaintiffs according to their involvement in the Litigation. Plaintiffs, Class Counsel, and Defendants negotiated and agreed to the amount of the Class Representative Service Award only after reaching agreement in principle on all material terms of consideration for the Settlement Class.

5.3     **To Class Counsel:** Plaintiffs, through Class Counsel, will request, and Defendants agree not to object to, and, if Class Counsel's request is granted by the Court, to pay an amount of $5,200,000 to pay attorneys' fees for work performed by Class Counsel in connection with this Litigation. In addition, Plaintiffs will also request, and Defendants agree not to object to, and, if Class Counsel's request is granted by the Court, to pay an amount of $200,000 for reimbursement of costs incurred in connection with the Litigation. Class Counsel shall file their motion requesting an award of Attorneys' Fees and Costs no later than thirty (30) days after the entry of the Preliminary Approval Order and shall post it to the settlement website. Plaintiffs, Class Counsel, and Defendants negotiated and agreed to the issue of Attorneys' Fees and Costs only after reaching agreement in principle on the material terms of consideration for the Settlement Class.

5.4     Plaintiffs and Class Counsel will not seek in excess of the sums specified in

Sections 5.2 and 5.3, and in any event, Plaintiffs and Class Counsel agree that Defendants shall not pay, nor be obligated to pay, any sum in excess of the cap amounts specified in Sections 5.2 and 5.3. Plaintiffs, Class Counsel, and Defendants agreed to the amount of Attorneys' Fees and Costs only after reaching agreement upon all other material terms of this Agreement.

      5.5    At the election of Class Counsel, Attorneys' Fees and Costs awarded by the Court to Class Counsel shall be paid by Defendants prior to the Effective Date if the terms and conditions set forth in Paragraphs 5.6 and 5.7 are met.

      5.6    Class Counsel may, at any time within sixty (60) days after the filing of the Final Order by the Court approving the Settlement, notify Defense Counsel that Class Counsel elects to receive payment of Attorneys' Fees and Costs prior to the Effective Date (and, if so, the amount sought to be paid under that Paragraph). If Class Counsel elect to receive payment of Attorneys' Fees and Costs (in full or in part) prior to the Effective Date, and provided they comply with the security requirements set forth in Paragraph 5.7, Defendants shall make the payment via electronic wire within seven (7) business days of receipt of Class Counsel's notice. If, and to the extent, Class Counsel (i) do not timely elect to receive full payment of Attorneys' Fees and Costs prior to the Effective Date, or (ii) do not otherwise meet the requirements of Paragraph 5.7, Attorneys' Fees and Costs shall be paid no later than seven (7) business days from the Effective Date of the Settlement.

      5.7    Payment of Attorneys' Fees and Costs to Class Counsel prior to the Effective Date is expressly conditioned upon Class Counsel agreeing to a stipulated undertaking that, in the event that Final Approval of the Settlement Agreement is reversed or modified on appeal, or in the event that any award of attorneys' fees and expenses is modified or vacated on appeal, Class Counsel shall remit to Defendants all attorneys' fees and expenses paid by Defendants under the Settlement Agreement, as set forth in the Stipulated Undertaking between the Parties, the form of which is attached hereto as **Exhibit A**. This provision will survive this Agreement and may be enforced regardless whether the Settlement becomes effective or is otherwise terminated.

2040492.1

5.8    In furtherance of the Agreement in this Section 5, in the event of any objections to the Settlement or appeal from any order of the Court granting final approval, Class Counsel agree that they will be solely responsible for responding to objectors and intervenors, and defending the Court's Final Order and Judgment on appeal, if any, at their own cost. Defendants reserve the right to respond to objectors and intervenors, and to join in the defense of the Final Order and Judgment. Defendants agree not to appeal, or otherwise support any appeal, of an order or judgment entered by the Court that is consistent with the terms of the Settlement. Any costs incurred by Class Counsel in such appeals, including costs incurred to settle any claims by objectors or intervenors, are the sole responsibility of Class Counsel. No one may seek to recover such costs from Defendants.

6.    **RELEASE**

6.1    Upon the entry of the Final Order and Judgment, Plaintiffs and each Settlement Class Member, on behalf of themselves and their current and former/predecessor agents, heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, shareholders, and any and all persons who in the future seek to claim through or in the name or right of any of them (the "Releasing Parties"), release and forever discharge (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), Defendants and each of their current or former administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates (including without limitation Mercedes-Benz US International), and all other entities, including without limitation manufacturers, suppliers, and distributors (including wholesale and retail distributors), and affiliated dealerships, and all of the foregoing persons' or entities' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, representatives, as well as their insurers (collectively, the "Released Parties") from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, that were or could have

been made regarding or related to the Litigation Claims, but not including claims for personal injury, wrongful death, or emotional distress (the "Released Claims").

6.2    The releases provided for herein are as a result of membership as a Settlement Class Member or status as a Person with a legal right to assert claims of a Settlement Class Member, the Court's approval process herein, and occurrence of the Effective Date, and are not conditional on receipt of payment by any particular Settlement Class Member. Persons who, after the date of the Preliminary Approval Order, acquire legal rights to assert claims within the scope of this Agreement that belong initially to a Settlement Class Member shall take such rights subject to all of the terms, time periods, releases, caps, prohibitions against overlapping or double recoveries, and other provisions contained herein.

6.3    The release provided by this Agreement shall be and is broad and expansive and shall include the release of all damages, burdens, obligations of liability of any sort, including, without limitation, penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or expenses, which might otherwise have been made in connection with any Released Claims. However, excluded from this release are any claims for personal injury, wrongful death, or emotional distress.

6.4    The release includes all claims that the Releasing Parties have or may hereafter discover including, without limitation, claims, injuries, damages, or facts in addition to or different from those now known or believed to be true with respect to any matter disposed of by this settlement. The Releasing Parties have fully, finally, and forever settled and released any and all such claims, injuries, damages, or facts, whether known or unknown, suspected or unsuspected, contingent or non-contingent, past or future, whether or not concealed or hidden, which exist, could exist in the future, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future related to matters arising from or in any way related to, connected with, or resulting from the Litigation Claims, including, but not limited to, conduct which is negligent, reckless, willful, intentional, with or without malice, or a breach of

any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

6.5    The Releasing Parties shall be deemed by operation of the Final Order and Judgment in the Litigation to have acknowledged that the foregoing release was separately bargained for and a key element of this Settlement of which the releases herein are a part. The Releasing Parties expressly and intentionally release any and all rights and benefits which they now have or in the future may have under the terms of the law (whether statutory, common law, regulation, or otherwise) of any other state or territory of the United States within the scope of the Released Claims.

6.6    Class Counsel shall cooperate with Released Parties to ensure that the releases set forth in the Final Approval Order are given their full force and effect (including by seeking the inclusion of the releases in the Final Order and Judgment and the Reimbursement Claims Forms) and to ensure that Releasing Parties comply with their obligations set forth in this Agreement.

6.7    In the event that any Releasing Party seeks to invoke California Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

(or any other like provision or principle of law of any jurisdiction) in connection with the Litigation Claims, the Releasing Parties and each of them expressly waive the provision of California Civil Code § 1542 (or any other like provision or principle of law of any jurisdiction) to the full extent that these provisions may be applicable to this release. Each of the Releasing Parties hereby does, and shall be deemed to, have considered the possibility that the number or magnitude of all claims may not currently be known; nevertheless, each of the Releasing Parties assumes the risk that claims and facts additional, different, or contrary to the claims and facts

that each believes or understands to exist may now exist or may be discovered after the settlement becomes effective. Each of the Releasing Parties agrees that any such additional, different, or contrary claims and facts shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect. Nothing in this paragraph shall be construed as modifying or limiting the other provisions of the settlement concerning the potential availability of claims. Nothing in this paragraph shall be construed as waiving or releasing any personal injury, wrongful death, or emotional distress claims.

6.8     No Releasing Party shall recover, directly or indirectly, any sums for Released Claims from the Released Parties, other than consideration and sums received under this Agreement and that the Released Parties shall have no obligation to make any payments to any non-parties for liability arising out of the Released Claims, other than as set forth in this Settlement.

7.      **APPROVAL OF THE SETTLEMENT; JUDGMENT AS TO DEFENDANTS**

7.1     Plaintiffs will file, and Defendants will not oppose, a motion for an order conditionally certifying the Settlement Class, granting preliminary approval of this Settlement, approving the Class Notice and the Notice Plan, setting a briefing schedule and hearing for final approval and a briefing schedule for a motion for an award of Attorneys' Fees and Costs and a Class Representative Service Award, and otherwise staying the above-captioned action.

7.2     7.2 In conjunction with the motion for preliminary approval, the Settling Parties shall in the above-captioned action stipulate to the filing of a first amended complaint to include the named plaintiffs and claims encompassed by this Settlement for the purposes of effectuating the Settlement. In the event this Settlement does not become final, that first amended complaint will become null and void.

7.3     7.3 Should the Court decline to conditionally certify the Settlement Class or to approve any material aspect of the Settlement (including but not limited to the scope of the release or the binding effect of the Settlement), and the Settling Parties, despite their best efforts,

2040492.1

are unable to agree upon revisions to the Agreement that alleviate the Court's concerns, or the Agreement is otherwise terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of May 6, 2019. This includes that Defendant's stipulation to the filing of a first amended complaint, to which Defendants stipulated solely for the purpose of settlement of the Litigation, shall be null and void. In such event, the terms and provisions of this Agreement will have no further force and effect and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*.

7.4     No order of the Court or modification or reversal on appeal of any order of the Court concerning any award of Attorneys' Fees and Costs to Class Counsel will constitute grounds for cancellation or termination of this Agreement, unless the order substantially changes a material term of the Settlement.

## 8.    **SETTLEMENT ADMINISTRATION AND NOTICE**

8.1     **Appointment of Settlement Administrator.** In the motion for preliminary approval, the Settling Parties will ask the Court to appoint a qualified third party to serve as the Settlement Administrator, subject to the Court's approval. As a condition of appointment, the Settlement Administrator will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.

8.2     **Duties of Settlement Administrator.** The Settlement Administrator's duties will include sending the Class Notice to all Settlement Class Members; sending CAFA notice; creating, maintaining, and monitoring a settlement website; receiving and administering claims for Qualified Past Repair reimbursements; receiving and determining validity of opt-out notices and objections; providing the Settling Parties with periodic status reports about the delivery of the notices, claims administration status, and receipt of objections to and requests to opt out; and otherwise administering the Settlement pursuant to this Agreement. Along with the motion for

preliminary approval, the proposed Settlement Administrator shall file a declaration describing in detail the Notice Plan.

8.3     As a condition of its retention, the Settlement Administrator must agree that (a) it will fulfill all responsibilities and duties assigned to the Settlement Administrator under the terms of this Agreement, and (b) the Settling Parties and their Counsel, as well as the Released Parties, reserve all claims and rights for any failure by the Settlement Administrator to fulfill its responsibilities and duties. In no event shall the Settling Parties or their Counsel have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator, the Third-Party Neutral, or their agents.

8.4     **Protection of Personal Information.**  The Settlement Administrator shall:

a)     Use personal information acquired as a result of this Agreement solely for purposes of evaluating and paying claims under this Agreement; and

b)     Assign a manager to oversee the protection and appropriate management of personal information and review its internal system to manage the protection of personal information to ensure consistent performance and constant improvement; and

c)     Take security countermeasures to prevent unauthorized access to personal information, and loss, destruction, falsification, and leakage of personal information; and

d)     If outsourcing the handling of personal information, determine that outsourced companies take steps to ensure appropriate management of the information to prevent leaks of personal or confidential information, and prohibit re-use of information for other purposes; and

e)     Respond immediately with appropriate measures then necessary to disclose, correct, stop using, or eliminate contents of information; and

f)     Once all timely, valid claims have been paid, and in compliance with applicable retention law, destroy all personal information obtained in

connection with this Settlement in a manner most likely to guarantee that such information not be obtained by unauthorized persons.

8.5    **CAFA Notice.** Within ten (10) days after this Agreement is filed in Court, the Settlement Administrator will cause a notice of the proposed settlement consisting of the materials required by the Class Action Fairness Act (28 U.S.C. § 1715) ("CAFA") to be served upon the appropriate state official in each state of the United States as well as the appropriate federal officials. Within fifteen (15) days after the Notice Date, the Settlement Administrator shall provide declarations to the Court, with a copy to Class Counsel and Defense Counsel, attesting to the measures undertaken to provide notice as directed by CAFA.

8.6    **Notice to Settlement Class Members.** The Settlement Administrator shall send the Court-approved Class Notice via postcard to all Settlement Class Members who have addresses identified through the sources specified in the Notice Plan within sixty (60) days of the entry of the Preliminary Approval Order. The Settlement Administrator shall also provide a copy of the Class Notice to any Settlement Class Member who requests the Class Notice.

8.7    **Information to Settlement Administrator.** As soon as possible, and in no event later than five (5) court days after Plaintiffs have filed the motion for preliminary approval of this Settlement, Defendants shall provide a list of applicable Vehicle Identification Numbers ("VINs") to the Settlement Administrator, so that it may obtain contact information of owners and lessees associated with each VIN.

8.8    **Settlement Website.** As part of its duties, the Settlement Administrator shall reserve, create, maintain, and monitor a website on which the Class Notice, Claim Form, this Agreement, and other important documents shall be posted. Claims may be submitted either by mail or online via the website. The website will go live on the Notice Date and shall remain live until all valid claims submitted pursuant to Section 9.A have been paid. Thereafter, Class Counsel shall have the option of maintaining the website live through December 31, 2029 as an informational website at Class Counsel's expense, provided that Class Counsel and Defendants mutually agree on the content of the website and any future changes thereto.

- 18 -

2040492.1

8.9     **Weekly Report.** As part of its duties, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a weekly status report that tracks the notices that have been mailed; claims received and paid; and objections and opt-out requests received.

8.10     **Final Report.** Not later than ten (10) court days after the deadline for submission of requests to opt out, the Settlement Administrator shall provide the Settling Parties a declaration of due diligence setting forth its compliance with its obligations under this Agreement to be filed in conjunction with a motion for final approval. The declaration shall identify those individuals who have submitted a valid and timely request to opt out. Prior to the hearing on the motion for final approval, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

8.11     **Request to Opt Out.** Persons falling within the definition of the Settlement Class may exclude themselves from the Settlement by notifying the Settlement Administrator of their intent to opt out not later than seventy-five (75) days after the Notice Date. Such notice must be made in writing and contain (1) such Person's name, (2) his or her current address and telephone number, (3) his or her Subject Vehicle Identification Number and the dates of ownership or lease for such Subject Vehicle; (4) a dated, handwritten signature; and (5) a written statement that such Person has reviewed the Class Notice and wishes to be excluded from the Settlement. If a question is raised about the authenticity of a request to opt out, the Settlement Administrator will have the right to demand additional proof of the individual's identity, standing, and intent. Anyone who has submitted a valid request to opt out will not participate in or be bound by the Settlement or the Final Order and Judgment. Any Person falling within the definition of the Settlement Class who does not complete and submit a valid request to opt out in the manner and by the deadline specified above will automatically become a Settlement Class Member and be bound by all terms and conditions of the Settlement and the Final Order and Judgment entered by the Court, including the release of claims set forth in Section 6.

8.12     **Objections to the Settlement.** Any Settlement Class Member who intends to

- 19 -

object to the Settlement must do so by filing the objection with the Court (and serving it on Class Counsel and Defense Counsel) not later than seventy-five (75) days after the Notice Date. The objection must be in writing and include (1) the Settlement Class Member's full name, current address, and telephone number; (2) the Subject Vehicle Identification Number and the dates of ownership or lease of such Subject Vehicle; (3) a statement that the objector has reviewed the Settlement Class definition and understands that he/she is a Settlement Class Member, and has not opted out of the Settlement Class; (4) a complete statement of all legal and factual bases for any objection that the objector wishes to assert; (5) a statement of whether the Settlement Class Member intends to appear at the final approval hearing; (6) copies of any documents or witnesses that support the objection; and (7) a dated, handwritten signature. Only Settlement Class Members may object to the Settlement.

9.      **CLAIMS ADMINISTRATION AND CLAIMS PROCEDURES.**

9.1      Only Settlement Class Members shall be eligible to make a claim for reimbursement of Qualified Past Repair(s) or Coverage of Qualified Future Repair(s).

A.      **Reimbursement Claims for Qualified Past Repairs.**

9.2      Any Settlement Class Member who wishes to make a reimbursement claim for a Qualified Past Repair(s) must submit a completed and signed Reimbursement Claim Form and the following items of proof within the deadlines set forth in Paragraph 9.5:

a)      Appropriate repair documentation showing that the Subject Vehicle received a Qualified Past Repair, the reasons for the repair, and the cost of the repair. A repair shall not qualify for reimbursement if the invoice or other repair documentation either omits the reason for the repair or describes an odor source other than moldy or mildew odors originating from the HVAC system;

b)      Reasonable documentation of the Settlement Class Member's payment for the repair (e.g., credit card statement, invoice showing zero balance,

receipt showing payment, etc.); and

  c) Proof of the Settlement Class Member's ownership or leasing of the Subject Vehicle at the time of the repair;

9.3 In addition to the requirements in Section 9.2, claims for reimbursement of Qualified Past Repairs performed by Independent Service Providers are also subject to the following conditions and requirements:

  a) proof that within a six-month period prior to the first Qualified Past Repair performed by the Independent Service Provider, the Subject Vehicle was diagnosed by an Authorized Service Center as having moldy or mildew-y odors originating from the HVAC system.

  b) The maximum reimbursement for a single Qualified Past Repair performed by an Independent Service Provider shall not exceed $300. In the case of multiple Qualifying Past Repairs performed by an Independent Service Provider, the total cumulative reimbursement shall not exceed $900.

  c) Defendants shall not be required to offer any reimbursement for costs incurred in replacing a Subject Vehicle's evaporator if such replacement was performed by an Independent Service Provider.

9.4 Any Settlement Class Member who wishes to make a claim must timely submit a properly completed Reimbursement Claim Form attesting that s/he is a Settlement Class Member and that the information in the completed Reimbursement Claim Form is true and correct to the best of his or her knowledge. Claims must include the information required by this Settlement, and be either mailed to the Settlement Administrator or submitted online via the settlement website within the Claims Period specified in Section 9.5 of this Agreement.

9.5 **Reimbursement Claims Submission Deadlines.** For a Qualified Past Repair that occurred prior to the Notice Date, a Reimbursement Claim Form must be submitted to the Settlement Administrator (postmarked or submitted online) within seventy-five (75) days of the

Notice Date. For a Qualified Past Repair that occurred after the Notice Date, but before the Effective Date, the Reimbursement Claim Form must be submitted to the Settlement Administrator (postmarked or submitted online) within seventy-five (75) days of the date of repair. No Reimbursement Claim Forms can be submitted for repairs occurring on or after the Effective Date; rather, in such circumstances, Settlement Class Members must seek to have those repairs covered as Qualified Future Repairs pursuant to Section 4.B and Section 9.B.

9.6    Upon receipt, the Settlement Administrator shall review all claims on a uniform and non-arbitrary basis. The Settlement Administrator will notify Settlement Class Members who submit deficient claims by first-class mail. A Settlement Class Member receiving such notice will be allowed thirty (30) days from the postmarked date on the notice to submit materials to cure the deficiencies.

9.7    For completed claims timely submitted within the Claims Period *before* the Effective Date, the Settlement Administrator shall perform any review of the claim within ninety (90) days of the Effective Date; otherwise, such review shall be made within ninety (90) days of receipt of the completed claim.

9.8    In the event the Settlement Administrator reviews and evaluates a Reimbursement Claim Form and determines the claim is ineligible for reimbursement, the Settlement Administrator will inform the Settlement Class Member via first-class mail and will also inform Defense Counsel and Class Counsel by email. The Settlement Class Member shall have thirty (30) days to dispute the Settlement Administrator's evaluation that the Settlement Class Member is ineligible, measured from the date the notice of ineligibility to the Settlement Class Member was postmarked. If the Settlement Class Member does not timely dispute the Settlement Administrator's determination that the Settlement Class Member is ineligible, the Settlement Administrator shall deny the claim. If the Settlement Class Member timely disputes the Settlement Administrator's evaluation, the dispute will be adjudicated by the Third-Party Neutral who shall independently determine the validity of the claim. The Settlement Class Member, Class Counsel, and Defendants will have a reasonable opportunity to present two-page

statements to the Third-Party Neutral setting forth their positions about whether the claim should be deemed eligible or ineligible for inclusion in the Claims Process, but there shall be no formal hearing or trial. The Settlement Class Member must submit its position statement with its notice that it is disputing the Settlement Administrator's determination. The Settlement Administrator shall provide that statement to Class Counsel and Defendants, which shall each have thirty (30) days to submit their responsive position statements. The decisions of the Third-Party Neutral pursuant to this Agreement shall be final and binding on the Settlement Class Member and all the Settling Parties.

9.9    Settlement Class Members may elect to receive payment of their claims via electronic payment (e.g. Venmo or PayPal) in a form agreed to by the Settling Parties, or by written check. In the event a Settlement Class Member elects to receive payment by written check, the check will be valid for 180 days from the date of issue, and will be sent via first-class United States mail to the address shown on the Settlement Class Member's Reimbursement Claim Form, which check shall be mailed to each such Settlement Class Member with an approved claim within thirty (30) days of the final decision regarding the claim. If the check issued to a Settlement Class Member under the terms of this Agreement is not cashed within the 180 day period, there shall be no further obligation to make payment to such Settlement Class Member.

**B.    Coverage Claims for Qualified Future Repairs.**

9.10    Any Settlement Class Member who wishes to receive a Qualified Future Repair must bring their Subject Vehicle to an Authorized Service Center.

9.11    In order to determine coverage for a Qualified Future Repair, a service technician at the Authorized Service Center where coverage is requested must perform the odor diagnostic procedure attached to LI.00.00-P-066046 or any successor documents, and verify that the source of the odor in the Subject Vehicle is mold or mildew odors originating from the HVAC system.

9.12    In order to qualify for coverage of a Qualified Future Repair, a Settlement Class Member must present the following items of proof to the Authorized Service Center at the time

that coverage is requested:

a)    Proof that the Subject Vehicle's currently installed filter is a Mercedes-Benz brand or other approved filter. Such proof includes, but is not limited to, an Authorized Service Center employee examining the filter and determining it is a Mercedes-Benz brand or other approved filter, a service center invoice indicating installation of a Mercedes-Benz brand or other approved filter into the Subject Vehicle; or a receipt of purchase of a Mercedes Benz brand or other approved filter that was self-installed.

b)    Proof that the Subject Vehicle timely received proper service in reasonable compliance with the Subject Vehicle's maintenance schedule for the two service intervals immediately prior to the requested repair. Such proof includes, but is not limited to, documentation from an Authorized Service Center or Independent Service Provider indicating the Subject Vehicle's maintenance history; information found in the Authorized Service Center's own service records for the Subject Vehicle; or receipts of parts and materials used for maintenance performed by the Settlement Class Member.

9.13    In the event a Settlement Class Member informs Defendants that he or she brought his or her Subject Vehicle to an Authorized Service Center to request coverage for a Qualified Future Repair and was, in the opinion of the Settlement Class Member, wrongfully denied coverage by the Authorized Service Center, Defendants will inform the Settlement Class Member that Class Counsel will contact him or her regarding the concern. Defendants will then provide Class Counsel with the name and contact information of such Settlement Class Member so that Class Counsel may contact him or her.

9.14    No Person shall have any claim against the Settling Parties, their respective counsel, or the Settlement Administrator arising from or related to determinations or payments made in accordance with this Settlement Agreement.

2040492.1

10.    **DISPUTE RESOLUTION**

10.1    **Court's Continuing Jurisdiction.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and Plaintiffs, Defendants, and their respective counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement Agreement and all orders and judgments entered in connection therewith, except that the Court shall not have jurisdiction to substantially change a material term of the Settlement.

10.2    **Dispute Resolution Procedure.** Except as otherwise set forth herein, all disputes concerning the interpretation, calculation, or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement, shall be resolved as follows:

        a)    If Plaintiffs or Class Counsel, on the one hand, or Defendants, on the other hand, at any time believe the other party has materially breached the Settlement Agreement, that party shall notify the other party in writing of the alleged violation.

        b)    Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) days to correct the alleged violation and/or respond in writing to the initiating party with the reasons why the party disputes all or part of the allegation.

        c)    If the response does not address the alleged violation to the initiating party's satisfaction, Plaintiffs, Class Counsel, and Defendants shall negotiate in good faith for up to ten (10) days to resolve their differences.

        d)    If Plaintiffs, Class Counsel, and Defendants are unable to resolve their differences, either party may file an appropriate motion to enforce the Settlement Agreement with the Court.

10.3    **Attorneys' Fees in Resolving Dispute.** Reasonable attorneys' fees and costs for work done in resolving a dispute under this Section may be recovered by the prevailing party.

11.    **TAXES**

11.1    Neither Class Counsel nor Defense Counsel intends anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor shall it be relied upon as such. Any tax issues raised by this Settlement for each Settlement Class Member may be unique, and each Settlement Class Member is advised to obtain tax advice from his or her own tax advisor with respect to any payments resulting from this Agreement. Each Settlement Class Member will be responsible for paying all applicable state, local, and federal income taxes on all amounts the Settlement Class Member receives pursuant to this Settlement Agreement.

12.    **MISCELLANEOUS TERMS**

12.1    **Integrated Agreement.**  After this Agreement is signed and delivered by Plaintiffs, Defendants and their respective counsel, this Agreement and its exhibits will constitute the entire agreement between Plaintiffs and Defendants relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made by Plaintiffs and/or Defendants concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

12.2    **Attorney Authorization.** Class Counsel and Defense Counsel warrant and represent that they are authorized by Plaintiffs and Defendants, respectively, to take all appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. Plaintiffs, Defendants, and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event Plaintiffs and Defendants are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, Plaintiffs and Defendants will seek the assistance of the Court, and in all cases all such documents and supplemental provisions will be consistent with this Agreement.

12.3    **Modification of Agreement.** This Agreement, and any and all parts of it, may be amended, modified, changed, or waived in writing by Plaintiffs' or Defendants' counsel with each party's consent.

12.4    **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors of each of Plaintiffs, Defendants, and the Settlement Administrator.

12.5    **Applicable Law.** All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Georgia, without giving effect to any conflict of law principles or choice of law principles.

12.6    **Cooperation in Drafting.** Plaintiffs and Defendants have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any party on the basis that the party was the drafter or participated in the drafting.

12.7    **Fair Settlement.** Plaintiffs, Defendants, and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the claims against Defendants and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

12.8    **Stay of Proceedings.** In conjunction with the filing of the motion for preliminary approval, the Settling Parties hereby agree to jointly notify the Courts presiding over the *Bhatt* and *Biase* actions of this Settlement and stipulate to stay both proceedings pending the approval of this Agreement by this Court. A standstill of litigation will be efficient, promotes the public policy favoring settlement and aids resolution of claims on a nationwide basis, which is in the public interest.

12.9    **Dismissal of *Bhatt* and *Biase*.** Upon the Effective Date, the Settling Parties shall stipulate to voluntarily dismiss with prejudice the *Bhatt* and *Biase* actions pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

12.10    Defendants or any Authorized Service Center may continue to effect or implement any goodwill policy, program, or procedure during the pendency of the settlement

approval proceedings.

12.11 **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

12.12 **Notice.** All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiff and the Class:*

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Annika K. Martin
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel:    (212) 355-9500
Fax:   (212) 355-9592

*To Defendants:*

SQUIRE PATTON BOGGS (US) LLP
Troy M. Yoshino
275 Battery Street, Suite 2600
San Francisco, CA 94111
Tel:    (415) 954-0200
Fax:   (415) 393-9887

CORPUS LAW PATEL, LLC
Ketan A. Patel
PO Box 1022
Tyrone, GA 30290
Tel:    (678) 597-8020
Fax:   (678) 826-4700

12.13 **Execution in Counterparts.** This Agreement may be executed in one or more counterparts and may be delivered by facsimile or electronic scan, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and Agreement, provided that counsel for Plaintiffs and Defendants will exchange between themselves original signed counterparts. Plaintiffs and Defendants further agree to accept a digital image, printout, facsimile or photocopy of this Agreement, as executed, as a true and correct original and admissible as best evidence for the purposes of state law, California Evidence Code 1520, Federal Rule of Evidence 1002, and like statutes and regulations.

Dated:  2/19/2019

SUNIL AMIN

- 28 -

Dated: 12/17/2019

_____
TRUSHAR PATEL

Dated: _____

_____
MANAN BHATT

Dated: _____

_____
MARY BLASCO

Dated: _____

_____
NICHOLAS BIASE

Dated: _____

_____
ROSA GRUE

Dated: _____

_____
JOHN DUDASIK

Dated: _____

_____
TODD BASLER

Dated: _____

_____
GAIL MAHONEY

- 29 -

010-8887-5206/1/AMERICAS

Dated: _____

_____
TRUSHAR PATEL

Dated: 12-17-2019

_____
MANAN BHATT

Dated: _____

_____
MARY BLASCO

Dated: _____

_____
NICHOLAS BIASE

Dated: _____

_____
ROSA GRUE

Dated: _____

_____
JOHN DUDASIK

Dated: _____

_____
TODD BASLER

Dated: _____

_____
GAIL MAHONEY

- 29 -

Dated: _____

_____
TRUSHAR PATEL

Dated: _____

_____
MANAN BHATT

Dated: _12-17-19_

*Mary Blasco*
_____
MARY BLASCO

Dated: _____

_____
NICHOLAS BIASE

Dated: _____

_____
ROSA GRUE

Dated: _____

_____
JOHN DUDASIK

Dated: _____

_____
TODD BASLER

Dated: _____

_____
GAIL MAHONEY

- 29 -

Dated: _____    _____
                          TRUSHAR PATEL

Dated: _____    _____
                          MANAN BHATT

Dated: _____    _____
                          MARY BLASCO

Dated: 12 - 19            _____
                          NICHOLAS BIASE

Dated: _____    _____
                          ROSA GRUE

Dated: _____    _____
                          JOHN DUDASIK

Dated: _____    _____
                          TODD BASLER

Dated: _____    _____
                          GAIL MAHONEY

- 29 -

Dated: _____

_____
TRUSHAR PATEL

Dated: _____

_____
MANAN BHATT

Dated: _____

_____
MARY BLASCO

Dated: _____

_____
NICHOLAS BIASE

Dated: 12/18/19

_____
ROSA GRUE

Dated: _____

_____
JOHN DUDASIK

Dated: _____

_____
TODD BASLER

Dated: _____

_____
GAIL MAHONEY

- 29 -

Dated: _____    _____
                         TRUSHAR PATEL

Dated: _____    _____
                         MANAN BHATT

Dated: _____    _____
                         MARY BLASCO

Dated: _____    _____
                         NICHOLAS BIASE

Dated: _____    _____
                         ROSA GRUE

Dated: 12/19/19          _____
                         JOHN DUDASIK

Dated: _____    _____
                         TODD BASLER

Dated: _____    _____
                         GAIL MAHONEY

- 29 -

Dated: _____

_____
TRUSHAR PATEL

Dated: _____

_____
MANAN BHATT

Dated: _____

_____
MARY BLASCO

Dated: _____

_____
NICHOLAS BIASE

Dated: _____

_____
ROSA GRUE

Dated: _____

_____
JOHN DUDASIK

Dated: 12/17/19

_____
TODD BASLER

Dated: _____

_____
GAIL MAHONEY

- 29 -

Dated: _____

_____
TRUSHAR PATEL

Dated: _____

_____
MANAN BHATT

Dated: _____

_____
MARY BLASCO

Dated: _____

_____
NICHOLAS BIASE

Dated: _____

_____
ROSA GRUE

Dated: _____

_____
JOHN DUDASIK

Dated: _____

_____
TODD BASLER

Dated: 12 / 18 / 2019

*Gail Mahoney*
_____
GAIL MAHONEY

- 29 -

Dated: _12|19|19_                  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                   By: _____
                                      Jonathan D. Selbin
                                      Attorneys for Plaintiff


Dated: _12/19/19_                  CORPUS LAW PATEL, LLC

                                   By: _____
                                      Ketan A. Patel
                                      Attorneys for Plaintiff


Dated: _____             DAIMLER AG

                                   By: _____
                                      Paul Hecht
                                      Senior Counsel, Head of Global Litigation
                                      Daimler AG


Dated: _____             DAIMLER AG

                                   By: _____
                                      Dieter Scheunert
                                      Head of Product Analysis and Product Safety
                                      Daimler AG


Dated: _____             MERCEDES-BENZ USA, LLC

                                   By: _____
                                      Matthew J. Everitt
                                      General Counsel, Mercedes-Benz USA, LLC


Dated: _____             SQUIRE PATTON BOGGS (US) LLP

                                   By: _____
                                      Troy M. Yoshino
                                      Attorneys for Daimler AG and MBUSA


Dated: _____             KING & SPALDING LLP

                                   By: _____
                                      Stephen B. Devereaux
                                      Attorneys for Daimler AG and MBUSA

Dated: _____            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                  By: _____
                                       Jonathan D. Selbin
                                       Attorneys for Plaintiff


Dated: _____            CORPUS LAW PATEL, LLC

                                  By: _____
                                       Ketan A. Patel
                                       Attorneys for Plaintiff


Dated: _____            DAIMLER AG

                                  By: _____
                                       Paul Hecht
                                       Senior Counsel, Head of Global Litigation
                                       Daimler AG


Dated: 18-12-2019                 DAIMLER AG

                                  By: _____
                                       Dieter Scheunert
                                       Head of Product Analysis and Product Safety
                                       Daimler AG


Dated: _____            MERCEDES-BENZ USA, LLC

                                  By: _____
                                       Matthew J. Everitt

Dated: _____        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                              By: _____
                                  Jonathan D. Selbin
                                  Attorneys for Plaintiff


Dated: _____        CORPUS LAW PATEL, LLC

                              By: _____
                                  Ketan A. Patel
                                  Attorneys for Plaintiff


Dated: _____        DAIMLER AG

                              By: _____
                                  Paul Hecht
                                  Senior Counsel, Head of Global Litigation
                                  Daimler AG


Dated: _____        DAIMLER AG

                              By: _____
                                  Dieter Scheunert
                                  Head of Product Analysis and Product Safety
                                  Daimler AG


Dated: 12/13/2019             MERCEDES-BENZ USA, LLC

                              By: _____
                                  Matthew J. Everitt
                                  General Counsel, Mercedes-Benz USA, LLC


Dated: _____        SQUIRE PATTON BOGGS (US) LLP

                              By: _____
                                  Troy M. Yoshino
                                  Attorneys for Daimler AG and MBUSA


Dated: _____        KING & SPALDING LLP

                              By: _____
                                  Stephen B. Devereaux
                                  Attorneys for Daimler AG and MBUSA


- 30 -

Dated: _____     LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _____
Jonathan D. Selbin
Attorneys for Plaintiff

Dated: _____     CORPUS LAW PATEL, LLC

By: _____
Ketan A. Patel
Attorneys for Plaintiff

Dated: _____     DAIMLER AG

By: _____
Paul Hecht
Senior Counsel, Head of Global Litigation
Daimler AG

Dated: _____     DAIMLER AG

By: _____
Dieter Scheunert
Head of Product Analysis and Product Safety
Daimler AG

Dated: _____     MERCEDES-BENZ USA, LLC

By: _____
Matthew J. Everitt
General Counsel, Mercedes-Benz USA, LLC

Dated: DEC 16, 2019     SQUIRE PATTON BOGGS (US) LLP

By: _____
Troy M. Yoshino
Attorneys for Daimler AG and MBUSA

Dated: 12/13/2019     KING & SPALDING LLP

By: _____
Stephen B. Devereaux
Attorneys for Daimler AG and MBUSA

- 30 -

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SUNIL AMIN, TRUSHAR PATEL, MANAN BHATT, MARY BLASCO, NICHOLAS BIASE, ROSA GRUE, JOHN DUDASIK, TODD BASLER, and GAIL MAHONEY on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and DAIMLER AG,<br><br>Defendants. | Case No. 1:17-cv-01701-AT |

## STIPULATED UNDERTAKING REGARDING ATTORNEYS' FEES AND EXPENSES

Plaintiffs Sunil Amin, Trushar Patel, Manan Bhatt, Mary Blasco, Nicholas Biase, Rosa Grue, John Dudasik, Todd Basler, and Gail Mahoney ("Plaintiffs") and Defendants Daimler AG and Mercedes-Benz USA, LLC (collectively, "Defendants""), by and through their undersigned counsel, stipulate and agree as follows:

WHEREAS, Class Counsel (as defined in the underlying Settlement Agreement) and their respective law firms desire to give an undertaking for repayment of their award of attorney fees and expenses ("Undertaking"), as is required by the Settlement Agreement,

NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as individuals and as agents for their respective law firms, hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the

1

provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

The obligations of Class Counsel and their respective law firms are joint and several.

In the event that the Final Order and Judgment is reversed on appeal, in whole or in part, Class Counsel shall, within ten (10) business days after the order reversing the Final Order and Judgment, in whole or in part, becomes final, repay to Defendants the full amount of the attorneys' fees and expenses paid by Defendants to Class Counsel, including any accrued interest.

In the event the Final Order and Judgment is not reversed on appeal, in whole or in part, but the attorneys' fees and expenses awarded by the Court are vacated or modified on appeal, Class Counsel shall, within ten (10) business days after the order vacating or modifying the award of attorneys' fees and expenses becomes final, repay to Defendants the attorneys' fees and expenses paid by Defendants to Class Counsel in the amount vacated or modified, including any accrued interest.

In the event that the Final Order and Judgment is reversed or modified on appeal, in whole or in part, any action that may be required thereafter may be addressed to this Court on shortened notice not less than five (5) business days.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Order and Judgment.

In the event Class Counsel fails to repay to Defendants any of attorneys' fees and/or expenses that are owed to it pursuant to this Stipulated Undertaking, the Court shall,

010-8865-1558/2/AMERICAS

upon application of Defendants and notice to Class Counsel, summarily issue orders including, but not limited to, judgments and attachment orders against Class Counsel, and each of them, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant and represent that they are equity partners in their respective law firms and have both actual and apparent authority to enter into this stipulation, agreement and undertaking on behalf of their respective law firms.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the State of Georgia and the United States that they have read and understand the foregoing and that it is true and correct.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

Dated: 12|19|19            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                           By: _____
                              Jonathan D. Selbin
                              Attorneys for Plaintiff

Dated: 12/19/19            CORPUS LAW PATEL, LLC

                           By: _____
                              Ketan A. Patel
                              Attorneys for Plaintiff

*SIGNATURES CONTINUED ON NEXT PAGE.*

3

Dated: _____          DAIMLER AG

                              By: _____
                                  Paul Hecht
                                  Senior Counsel, Head of Global Litigation
                                  Daimler AG

Dated: 18-12-2019             DAIMLER AG

                              By: i.V. _____
                                  Dieter Scheunert
                                  Head of Product Analysis and Product Safety
                                  Daimler AG

Dated: _____          MERCEDES-BENZ USA, LLC

                              By: _____
                                  Matthew J. Everitt
                                  General Counsel, Mercedes-Benz USA, LLC

Dated: _____          SQUIRE PATTON BOGGS (US) LLP

                              By: _____
                                  Troy M. Yoshino
                                  Attorneys for Daimler AG and MBUSA

Dated: _____          KING & SPALDING LLP

                              By: _____
                                  Stephen B. Devereaux
                                  Attorneys for Daimler AG and MBUSA

4

Dated: _____          DAIMLER AG


                                By: _____
                                    Paul Hecht
                                    Senior Counsel, Head of Global Litigation
                                    Daimler AG


Dated: _____          DAIMLER AG


                                By: _____
                                    Dieter Scheunert
                                    Head of Product Analysis and Product Safety
                                    Daimler AG


Dated: 12/13/2019               MERCEDES-BENZ USA, LLC


                                By: _____
                                    Matthew J. Everitt
                                    General Counsel, Mercedes-Benz USA, LLC


Dated: _____          SQUIRE PATTON BOGGS (US) LLP


                                By: _____
                                    Troy M. Yoshino
                                    Attorneys for Daimler AG and MBUSA


Dated: _____          KING & SPALDING LLP


                                By: _____
                                    Stephen B. Devereaux
                                    Attorneys for Daimler AG and MBUSA


                                    4

Dated: _____        DAIMLER AG

                              By: _____
                                  Paul Hecht
                                  Senior Counsel, Head of Global Litigation
                                  Daimler AG

Dated: _____        DAIMLER AG

                              By: _____
                                  Dieter Scheunert
                                  Head of Product Analysis and Product Safety
                                  Daimler AG

Dated: _____        MERCEDES-BENZ USA, LLC

                              By: _____
                                  Matthew J. Everitt
                                  General Counsel, Mercedes-Benz USA, LLC

Dated: DEC 16, 2019           SQUIRE PATTON BOGGS (US) LLP

                              By: _____
                                  Troy M. Yoshino
                                  Attorneys for Daimler AG and MBUSA

Dated: 12/13/2019             KING & SPALDING LLP

                              By: _____
                                  Stephen B. Devereaux
                                  Attorneys for Daimler AG and MBUSA

4

# EXHIBIT A

**<u>AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>**

Pursuant to Paragraph 12.3 of the Class Action Settlement Agreement and Release (Dkt. 63-1), the Parties, through undersigned counsel, consent to following modifications:

**13.     DEFINITIONS**

1.15     "Litigation Claims" means the claims asserted by Plaintiffs in the three actions constituting this Litigation, involving mold/mildew and/or other odors emanating from the HVAC systems in the Subject Vehicles, and only those claims related to those Vehicles.

1.25     "Settlement Class" means all current and former owners and lessees of Subject Vehicles who purchased or leased their Subject Vehicles in the United States.  Excluded from the Settlement Class are:

> a)     Persons who have settled with, released, or otherwise had claims adjudicated on the merits against Defendants arising from the same core allegations or circumstances as the Litigation Claims, involving mold/mildew and/or other odors emanating from the HVAC systems in the Subject Vehicles, and only those claims related to those Vehicles, except that such persons shall remain eligible to receive Qualified Future Repairs and reimbursement for Qualified Past Repairs (both subject to applicable limitations and proof requirements) occurring after the date of such settlement, release, or adjudication on the merits;

> b)     Employees of Defendants; and

> c)     The Honorable Terry J. Hatter, Jr., the Honorable Rozella A. Oliver, the Honorable Amy Totenberg, the Honorable Madeline Cox Arleo, the Honorable Michael A. Hammer, and members of their respective families.

**3.     BACKGROUND**

3.1     On May 9, 2016, a class action complaint, *Bhatt et al. v. Mercedes-Benz USA, LLC et al.*, was filed by Plaintiffs Bhatt, Amin, Patel, and former plaintiff Lisa Ruh against MBUSA in the United States District Court for the Central District of California alleging, on

behalf of a putative California class, that the HVAC systems in certain Mercedes-Benz vehicles are claimed defective in that, during normal and expected conditions, the HVAC System fails to properly evaporate or drain the condensation that accumulates within the system, creating a moist, hospitable environment for the growth of bacteria, fungus, mold, and spores and other substances, which then are blown into the passenger cabin when the HVAC System is in use, resulting in odors.

6.    **RELEASE**

6.1     Upon the entry of the Final Order and Judgment, Plaintiffs and each Settlement Class Member, on behalf of themselves and their current and former/predecessor agents, heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, shareholders, and any and all persons who in the future seek to claim through or in the name or right of any of them (the "Releasing Parties"), release and forever discharge (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), Defendants and each of their current or former administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates (including without limitation Mercedes-Benz US International), and all other entities, including without limitation manufacturers, suppliers, and distributors (including wholesale and retail distributors), and affiliated dealerships, and all of the foregoing persons' or entities' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, representatives, as well as their insurers (collectively, the "Released Parties") from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, that were or could have been made regarding or related to the Litigation Claims (*i.e.*, concerning mold/mildew and/or other odors emanating from the HVAC systems in the Subject Vehicles, and only those claims related to those Vehicles), but not including claims for personal injury, wrongful death, or emotional distress (the "Released Claims").

6.4     The release includes all claims that the Releasing Parties have or may hereafter discover including, without limitation, claims, injuries, damages, or facts in addition to or different from those now known or believed to be true with respect to any matter disposed of by this settlement.  The Releasing Parties have fully, finally, and forever settled and released any and all such claims, injuries, damages, or facts, whether known or unknown, suspected or unsuspected, contingent or non-contingent, past or future, whether or not concealed or hidden, which exist, could exist in the future, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future related to matters arising from or in any way related to, connected with, or resulting from the Litigation Claims (*i.e.*, concerning mold/mildew and/or other odors emanating from the HVAC systems in the Subject Vehicles, and only those claims related to those Vehicles), including, but not limited to, conduct which is negligent, reckless, willful, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

6.7     In the event that any Releasing Party seeks to invoke California Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

(or any other like provision or principle of law of any jurisdiction) in connection with the Litigation Claims (*i.e.*, concerning mold/mildew and/or other odors emanating from the HVAC systems in the Subject Vehicles, and only those claims related to those Vehicles), the Releasing Parties and each of them expressly waive the provision of California Civil Code § 1542 (or any other like provision or principle of law of any jurisdiction) to the full extent that these provisions may be applicable to this release.  Each of the Releasing Parties hereby does, and shall be deemed to, have considered the possibility that the number or magnitude of all claims may not

- 3 -

currently be known; nevertheless, each of the Releasing Parties assumes the risk that claims and facts additional, different, or contrary to the claims and facts that each believes or understands to exist may now exist or may be discovered after the settlement becomes effective. Each of the Releasing Parties agrees that any such additional, different, or contrary claims and facts shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect. Nothing in this paragraph shall be construed as modifying or limiting the other provisions of the settlement concerning the potential availability of claims. Nothing in this paragraph shall be construed as waiving or releasing any personal injury, wrongful death, or emotional distress claims.

Dated: 7/15/20                   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                 By: _____
                                     Jonathan D. Selbin
                                     Attorneys for Plaintiffs

Dated: __July 15, 2020__         SQUIRE PATTON BOGGS (US) LLP

                                 By: _Eric J. Knapp_
                                     Eric J. Knapp
                                     Attorneys for Defendants

- 4 -

/1/AMERICAS